No. 56,872

STATE OF KANSAS, *Appellee*, v. ANDREW T. DUBISH, *Appellant*.

(696 P.2d 969)

Opinion filed March 2, 1985.

*Don W. Lill*, of Emporia, argued the cause and was on the brief for appellant.

*Rodney H. Symmonds*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: After Andrew T. Dubish was convicted of aggravated kidnapping, aggravated sodomy, aggravated battery and making a terroristic threat, he appealed his conviction. Subsequent to the filing of the appeal, the district court granted Dubish probation on the aggravated kidnapping. Later the district court reversed itself and set aside the order of probation claiming it was without jurisdiction to grant probation during the pendency of an appeal. After the appeal process had been completed and the mandate received, Dubish petitioned to the court again for probation. The district court denied probation. Dubish appeals the court's order setting aside probation and its subsequent orders denying probation.

Andrew T. Dubish was convicted by a jury on January 26, 1983, of the offense of aggravated kidnapping, aggravated sodomy, aggravated battery, and making a terroristic threat. Dubish was sentenced on February 16, 1983, to serve a life sentence for the aggravated kidnapping, five to twenty years for aggravated sodomy, three to ten years for aggravated battery, and one to two years for making a terroristic threat, all to be served concurrently.

On February 25, 1983, defendant filed a Notice of Appeal to the Supreme Court on these convictions. On April 5, 1983, defendant filed a motion for modification of sentence and probation.

The sentencing judge, during the hearing on defendant's motion for probation, made the following statement in reference to Dubish's life sentence which had been imposed for the aggravated kidnapping:

"But I am also gravely concerned for taking 15 years, at least 15 years, out of the life of this man for this occurrence. I feel that Mr. Dubish should serve some time. He's served seven months to this time. I feel that he should serve some more time because of the seriousness of this offense, but I cannot in good conscience state that he should serve at least 15 years out of his life.

"So on this motion we have four felonies for which sentences have been imposed, and what I'm going to do is grant probation on the class A felony. I am not going to grant probation on the class B, C, or E felonies which by doing this it is my intent that the controlling term would be the five to 20 years for aggravated sodomy. I have been informed by the office of corrections that with maximum good time behavior in prison on the five to 20 year term that Mr. Dubish would be eligible to go before the parole board in three years, six months and 22 days of serving time. Taking the seven months that he's already served off of that, that would necessitate serving three years approximately from this date before you can go before the parole board. I believe that this kind of sentence, this five to 20 sentence, with this understanding of good time behavior, when your record and your history and all of these facts and the information of the whole matter can be presented to the parole board, I believe that this more closely corresponds to the nature of the offense that did take place."

On May 26, 1983, the sentencing judge set aside the May 3 order granting probation determining he lacked jurisdiction to make or enter any order with respect to the defendant's motion for probation while Dubish's appeal was docketed with the Supreme Court.

On January 13, 1984, this court filed its opinion in *State v. Dubish*, 234 Kan. 708, 675 P.2d 877 (1984). Dubish's conviction for the offense of aggravated sodomy was set aside because the statute in effect at the time, K.S.A. 21-3505, did not permit a husband to be convicted of committing the crime of sodomy or aggravated sodomy against his wife. After receiving the mandate, the defendant filed a motion for modification of sentence and probation on February 14, 1984. On March 7, 1984, the sentencing judge denied defendant's request for modification of sen-

tence or probation, stating that he was now confronted with a different situation. If probation were granted on the life sentence, the controlling term of the defendant's sentence became three to ten years for the offense of aggravated battery, rather than five to twenty years, since the aggravated sodomy conviction had been set aside by this court.

The defendant argues that the trial court retained jurisdiction to grant probation at the hearing on May 3, 1983, even though the case had been appealed to the Supreme Court on February 25, 1983. Dubish contends that the grant of probation was valid and could not be revoked unless he had failed to abide by its terms and conditions. The State argues that the court never had jurisdiction to grant probation.

The sentencing judge and the State both mistakenly relied on *State v. Dedman*, 230 Kan. 793, 640 P.2d 1266 (1982), to support their claim that the sentencing judge lacked jurisdiction to grant probation while an appeal is pending. In *Dedman*, one of the points on appeal was whether the 120-day period given the trial court to modify a sentence was suspended when the defendant appeals from that sentence. K.S.A. 1980 Supp. 21-4603(2) (now 21-4603[3]) contemplated appeals within the 120-day period. The trial judge correctly determined that when Dedman appealed the sentence itself, after the appeal had been docketed, the trial court's jurisdiction to modify the sentence was suspended. The sentence could be modified only after the mandate from the Supreme Court or the Court of Appeals was returned or by motion to remand temporarily to the sentencing court for modification of the sentence.

Prior to 1966 when an individual, following a conviction and sentence in the district court, voluntarily made application for probation, he acquiesced in the judgment, recognizing its validity. That recognition of a valid judgment precluded his right to appeal. *State v. Mooneyham*, 192 Kan. 620, 390 P.2d 215 (1964). Subsequently, the "*Mooneyham* Rule" was reversed by *State v. McCarther*, 197 Kan. 279, 416 P.2d 290 (1966). This court recognized that when a defendant in a criminal action made application for probation, he was not acquiescing in the judgment of the conviction and he maintained the right to appeal. The court's position was later codified by the legislature. Our statutes now offer an individual convicted of a crime both the right to an

appeal of the conviction and the possibility of release from imprisonment. K.S.A. 1984 Supp. 21-4603 provides in part that the application for or acceptance of probation or a suspended sentence does not constitute an acquiescence in the judgment for the purpose of appeal. The right of *appeal continues* without regard to whether the convicted person *has applied* for a probation or a suspended sentence.

The power to grant probation is dependent upon statutory provisions. In the absence of a controlling statute, the trial court is without judicial power to defer the imposition of a sentence and to place the defendant, who has been convicted, on probation. Under our statutes and case law, the jurisdiction to grant probation and deal with probation matters lies specifically with the trial court. *State v. Yost,* 232 Kan. 370, 654 P.2d 458 (1982).

Probation is defined by K.S.A. 1984 Supp. 21-4602(3) as a procedure whereby a defendant, after being found guilty of a crime, is released by the court *after imposition of sentence,* without imprisonment. The definition of probation and 21-4603 make it clear that probation in no way actually affects the sentence. The final judgment in a criminal case is the sentence and, by placing the defendant on probation, the trial court does not affect the finality of the judgment.

Other jurisdictions have considered the question of whether a trial court has authority to grant or modify probation or a suspension of sentence after the filing of an appeal. Those jurisdictions have determined that probation is separate and distinct from the sentence, and that the jurisdiction to grant probation lies exclusively in the trial court. See *United States v. Lindh,* 148 F.2d 332 (3rd Cir. 1944); *People v. Dillon,* 655 P.2d 841, 848 (Colo. 1982) (Quinn, J., dissenting); *Burden v. State,* 634 S.W.2d 349 (Tex. App. 1982).

Probation is an act of grace and the power to grant that act is provided by the legislature to the court. Probation is separate and distinct from sentence. Here, the sentencing judge was incorrect when he determined that he had no authority to grant or modify conditions of probation during the pendency of the appeal.

Dubish claims that the failure of the sentencing judge to again grant him probation from the life sentence after a successful appeal of his case was a violation of his due process rights. The

State argues that the defendant's due process rights were not violated because his sentence was in no way affected by the granting or denial of probation.

Dubish relies upon *North Carolina v. Pearce*, 395 U.S. 711, 23 L.Ed.2d 656, 89 S.Ct. 2072 (1969). Pearce was tried, convicted and sentenced. He appealed, the conviction was reversed and the case was remanded for a new trial. Pearce was retried, convicted a second time and sentenced to a new prison term which, when added to the time he had already spent in prison, amounted to a longer total sentence than the one originally imposed. The United States Supreme Court determined it would be a flagrant violation of the due process clause of the 14th Amendment for a state trial court to impose a heavier sentence upon a reconvicted defendant for the explicit purpose of punishing the defendant for his having succeeded in getting his original conviction set aside. Such a policy would serve to "chill the exercise of basic constitutional rights." 395 U.S. at 724.

In the present case, Dubish was not retried and then resentenced. The judge's refusal to grant probation on Dubish's second motion for probation in no way affected the term of his sentence. *Pearce* specifically applies to resentencing of an individual who, after successfully having his conviction set aside on appeal, is tried again, convicted and then resentenced to a longer length of time.

Here, the record clearly shows that the court carefully considered and denied probation on March 7, 1984. Even though the judge's reason was incorrect for determining that the original grant of probation from the life sentence was void, when denying probation at the second hearing he again considered all the statutory factors for imposing a sentence or granting probation. He then determined that because of the seriousness of the offense, Dubish should serve more than the minimum three to ten years for the class C felony conviction prior to being eligible for parole and denied Dubish's request for probation from the aggravated kidnapping conviction.

Can a sentencing judge grant probation on one conviction and imprison the individual for other convictions arising out of the same incident?

The Kansas Legislature enacted Art. 46, Ch. 21 of the Kansas Statutes Annotated in order that persons convicted of crime shall

be dealt with in accordance with their individual characteristics, circumstances, needs, and potentialities. Dangerous offenders are to be correctively treated in custody for long terms as needed; other offenders shall be dealt with by probation, suspended sentence, or fines whenever such disposition appears practical and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least the minimum term within the limits provided by law. K.S.A. 21-4601.

Whenever any person has been found guilty of a crime, the legislature has granted the sentencing judge the power to do the following: (a) commit the defendant to the custody of the Secretary of Corrections or, if confinement is for less than one year, to jail; (b) impose the fine applicable to the offense; (c) release the defendant on probation subject to such conditions as the court may deem appropriate; (d) suspend the imposition of the sentence subject to such conditions as the court may deem appropriate; or (e) impose any appropriate combination of (a), (b), (c), and (d).

The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. *State v. Flummerfelt*, 235 Kan. 609, 684 P.2d 363 (1984). K.S.A. 1984 Supp. 21-4603, which grants the sentencing judge the power to commit the defendant to the custody of the Secretary of Corrections, impose a fine, release the defendant on probation subject to such conditions as the court may deem appropriate, or suspend the imposition of sentence is limited because the sentencing judge is limited to imposing any appropriate combination.

The basic purpose for probation is to provide a program whereby an individual is given the opportunity to rehabilitate himself without institutional confinement under the supervision of a probation official and under the continuing power of the district court to impose institutional punishment for the original offense if the probationer abuses this opportunity. It permits the

sentencing judge to give a convicted person the opportunity to mend his ways and have his freedom under conditions imposed. Probation is not granted out of a spirit of leniency, but is granted as a result of the evaluation of the characteristics of the offender and a determination that the offender may respond best to supervised control within the community and that public safety will not be endangered. On the other hand, confinement is for individuals who are required to be isolated from the community in order to protect society or to provide a closely controlled environment for individuals who can learn to adjust their attitude or behavior for later release into the community. Confinement may serve as a deterrent to others in the community.

It is obvious that the sentencing judge never considered granting probation to Dubish. The judge was attempting to manipulate Dubish's eligibility date for release from the custody of the Secretary of Corrections. Such intent is shown not only by the judge's statements at the hearing held on March 7, 1984, but also the sentencing judge's disregard of the legislative intent and the statutory requirements for granting probation. Initially, the sentencing judge committed the defendant to the custody of the Secretary of Corrections as provided by 21-4603(2)(a) for his convictions of the offenses of aggravated sodomy, aggravated battery and making a terroristic threat and granted Dubish probation on the conviction of aggravated kidnapping pursuant to 21-4603(2)(c).

In applying 21-4603(2)(e), a sentencing judge may only impose sentences that are "appropriate." When the legislature used the word "appropriate" in the statute, it implied that the combination of penalties under that statute should be harmonious. Therefore, a sentencing judge may not impose imprisonment, which mandates incarceration, with either probation or suspension of sentence, which requires release of the individual subject to conditions imposed by the court under the supervision of the probation service.

In *State v. Chilcote*, 7 Kan. App. 2d 685, 647 P.2d 1349, *rev. denied* 231 Kan. 801 (1982), one of Chilcote's complaints was that the sentence imposed was excessive and not justified by law. The trial judge, after incarcerating Chilcote, in addition ordered him to pay restitution. Chilcote argued that the court's order of restitution under 21-4603(2)(c) and (d) in conjunction with in-

carceration under 21-4603(2)(a) was an inappropriate combination. The Court of Appeals determined that use of the word "appropriate" in 21-4603 implies that the combination of penalties under the statute should be harmonious. Incarceration coupled with restitution was not an appropriate combination under subsection (e).

The sentencing judge was correct when he set aside the May 3 order granting probation, but for the wrong reason. The judge was not without jurisdiction to grant or enter any order with respect to the defendant's motion for probation while Dubish's appeal was pending in the Supreme Court. However, under the power granted by the legislature, the judge does not have the right to grant probation for the one offense and impose imprisonment for other convictions arising out of the same transaction. To do so is a contradiction.

A sentencing judge has no jurisdiction to manipulate the eligibility date for release of a person sentenced to the custody of the Secretary of Corrections by granting probation on certain convictions and incarceration on others. Under K.S.A. 1984 Supp. 21-4603(4), a judge may reduce the minimum term of confinement at any time before the expiration thereof when such reduction is recommended by the Secretary of Corrections. Prior to the court's exercise of the power to reduce a sentence below the statutory limitation of the minimum term prescribed for the crime for which an inmate has been convicted, a recommendation must be made by the Secretary of Corrections pursuant to 21-4603(4).

Affirmed.