(28 P.3d 445)

No. 84,451

STATE OF KANSAS, *Appellee*, v. PAUL A. SEIBEL, *Appellant*.

Opinion filed July 27, 2001.

*Niki Christopher*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Brenda Taylor-Mader*, assistant district attorney, *Emily Hartz-Jensen*, legal intern, *Joan M. Hamilton*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before BEIER, P.J., PIERRON, J., and TOM MALONE, District Judge, assigned.

BEIER, J.: Paul A. Seibel appeals the district court's imposition of an upward durational departure on his sentence for voluntary manslaughter. Following *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001), we reverse and remand for resentencing.

On July 31, 1998, Seibel and several others engaged in a party at a residence in Shawnee County, Kansas. All the participants were drinking heavily, including beer and hard liquor.

At some point an argument ensued between Seibel and the victim, Edgar Becker, regarding Becker drinking more than his share of the alcohol. After the initial altercation, Becker began vomiting. Seibel helped Becker to the bathroom to clean himself up. Becker then returned to the living room and lay down on the couch to sleep it off.

Exactly what happened next is unclear. Witnesses reported that Seibel began beating and kicking Becker and jumping on his chest. Witnesses reported that another member of the party, John Dority, assisted in the beating. After the beating, Seibel dragged the unconscious Becker out to the back porch where he lay for several

hours. A neighbor noticed flies gathering around Becker and called 911. Becker was pronounced dead at the scene.

Seibel was charged with second-degree murder. He pleaded guilty to voluntary manslaughter and stipulated to the State's evidence against him. The State requested the imposition of an upward departure, because Seibel knew the victim was in a vulnerable state at the time of the attack and the crime was committed with excessive brutality. The district court granted the State's request, imposing the top range of the sentence, 64 months, plus an additional 12 months, for a total of 76 months in prison. Seibel timely appeals.

We conclude that the sentencing court's findings of fact and reasons justifying a departure are supported by evidence in the record and constitute substantial and compelling reasons for departure as a matter of law. See K.S.A. 21-4721(d). However,

"[t]he notice and jury trial guarantees of the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment require that a factual determination resulting in an increase in the maximum prison sentence for an offense beyond the sentence established in the appropriate grid box under K.S.A. 2000 Supp. 21-4704 be made by a jury beyond a reasonable doubt." *Gould*, 271 Kan. 394, Syl. ¶ 2.

"An upward departure sentence imposed on a defendant by a judge under K.S.A. 2000 Supp. 21-4716 is a violation of the defendant's Sixth Amendment rights and Fourteenth Amendment Due Process rights and, thus, is unconstitutional. The Kansas scheme for imposing upward departure sentences, embodied in K.S.A. 2000 Supp. 21-4716, is unconstitutional on its face." *Gould*, 271 Kan. 394, Syl. ¶ 3.

The holding in *Gould* applies to this pending case. Accordingly Seibel must be resentenced in district court consistent with *Gould*.

Reversed and remanded for resentencing.

MALONE, J., concurring: I concur that under *State v. Gould*, 271 Kan. 394, 23 P.3d 801 (2001), the sentence in this case must be vacated, especially since the sentence represents a durational departure. However, I respectfully offer this concurring opinion to raise the issue whether the holding in *Gould* must be applied to dispositional departures.

*Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000), holds that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* involved a New Jersey "hate crime" statute that allowed a judge to increase the maximum statutory length of a sentence based upon a judicial finding at sentencing that the crime was racially motivated. The United States Supreme Court determined this provision violated the Fourteenth Amendment right to due process and the Sixth Amendment right to trial by jury. The issue in *Apprendi* involved the term of a criminal sentence but not the dispositional aspects of probation or incarceration.

Following *Apprendi*, the Kansas Supreme Court ruled in *Gould* that the Kansas scheme for imposing upward departure sentences, embodied in K.S.A. 2000 Supp. 21-4716, is unconstitutional on its face. *Gould*, 271 Kan. 394, Syl. ¶ 3. The decision does not address whether it applies to departure sentences in drug cases pursuant to K.S.A. 2000 Supp. 21-4717, but presumably it does so apply. The decision expressly provides that it does not apply to downward departures. As to upward departures, the decision makes no distinction between durational or dispositional departures, although the facts of the case involved a durational departure.

An upward durational departure involves the term or length of a criminal sentence. K.S.A. 2000 Supp. 21-4716 together with K.S.A. 21-4719 allow a judge to double the maximum sentence under the Kansas Sentencing Guidelines based upon a factual finding determined by a preponderance of evidence at the time of sentencing. This clearly runs afoul of constitutional provisions, as determined in *Apprendi*, and striking our statutory scheme for imposing upward durational departures is probably long overdue.

Dispositional departures are another matter. An upward dispositional departure represents a judge's determination that a criminal defendant is not entitled to probation from the confinement portion of the sentence. It does not affect the prescribed statutory maximum term of the sentence.

"Probation from serving a sentence is an act of grace by the sentencing judge and, unless otherwise required by law, is granted as a privilege and not as a matter of right." *State v. Lumley*, 267 Kan. 4, 8, 977 P.2d 914 (1999). Probation is separate and distinct from the sentence. *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 (1985). Even under the Kansas Sentencing Guidelines, probation is never "required by law" but is only a "presumption" in certain cases. This presumption can be overcome if the judge makes certain findings at the time of sentencing. However, this is not the same as increasing the penalty for a crime beyond the prescribed statutory maximum as forbidden by *Apprendi*.

The problem with the language of Syl. ¶ 3 of *Gould* is that it appears to eliminate a judge's ability to impose an upward dispositional departure for someone who falls in a "presumptive probation" grid under the guidelines. This is an unnecessary extension of *Apprendi* and not mandated by constitutional provisions.

If the holding in *Gould* applies to upward dispositional departures, then probation is no longer an act of grace by the court, but instead it has become a matter of right in a large number of cases. Also, if the court's reasoning is extended, criminal defendants should arguably be entitled to jury trials at probation violation hearings. If a judge is unable to find that a defendant is not entitled to probation at the time of sentencing, how can a judge make the same finding at a later hearing?

The constitutionality of a statute is presumed, and if there is any reasonable way to construe a statute as constitutionally valid, it should be done. *State v. Rucker*, 267 Kan. 816, 830, 987 P.2d 1080 (1999). To the extent that K.S.A. 2000 Supp. 21-4716 does not allow a judge to increase the term or length of a sentence, the provisions meet constitutional muster and should be upheld.