(84 P.3d 623)
No. 88,923

STATE OF KANSAS, *Appellee,* v. JENNIFER LYNN PEMBERTON, *Appellant.*

Opinion filed February 20, 2004.

*Steven R. Zinn,* deputy appellate defender, for appellant.

*Steven J. Obermeier,* assistant district attorney, *Paul J. Morrison,* district attorney, and *Phill Kline,* attorney general, for appellee.

Before GREEN, P.J., MARQUARDT and MALONE, JJ.

MARQUARDT.: Jennifer Lynn Pemberton appeals a trial court order requiring her to serve her probation with community corrections rather than court services. We affirm.

In April 2001, MBNA approved an application for credit for an individual named Jennifer Barker, and a Gateway computer was shipped to Lenexa. The individual who received the computer signed for it with the name of Jennifer Barker. However, Jennifer Barker, a resident of Missouri, never purchased a computer.

The manager of the Lenexa apartment complex where the computer was delivered identified Pemberton from a photograph as the individual who had used the name of Jennifer Barker. Pemberton was charged with one count of forgery.

Pemberton pled guilty to the forgery charge in exchange for dismissal of a bad check case. The trial court accepted Pemberton's plea after determining there was a sufficient basis to support Pemberton's guilt.

Pemberton had no criminal history, and her sentence fell in a presumptive probation box on the sentencing guidelines grid. Pemberton requested that she be given probation with court services. Pemberton was sentenced to 18 months' probation, with an underlying prison term of 9 months. The trial court stated: "You're to be supervised by Adult Court Services for standard supervision and follow all the rules and regulations of that program." At that point, the trial court became aware that Pemberton had not cooperated with the presentencing risk needs assessment. Due to Pemberton's lack of cooperation, the trial court placed her with community corrections for intensive supervision. Pemberton timely appeals the placement.

Pemberton contends that the trial court's order of court services supervision was a final order and her placement with community corrections was illegal.

An illegal sentence is a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. *State v. Cullen*, 275 Kan. 56, 60, 60 P.3d 933 (2003). The court may correct an illegal sentence at any time. See K.S.A. 22-3504(1).

" 'Probation' means a procedure under which a defendant, found guilty of a crime upon verdict or plea, is released by the court after imposition of a sentence, without imprisonment except as provided in felony cases, subject to conditions imposed by the court and subject to the supervision of the probation service of the court or community corrections." K.S.A. 2003 Supp. 21-4602(c).

Probation is an action of the trial court where a defendant, after being found guilty of a crime, is sentenced to a term of incarceration and is then released to serve a period of supervision without serving the period of incarceration. Probation is not the sentence and does not affect the sentence. *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 (1985).

Pemberton's sentence was a 9-month term of imprisonment. Any subsequent adjustment to the terms of her probation did not affect her sentence. Pemberton's argument alleging an illegal sentence is without merit.

Pemberton contends that the trial court's decision to score her as high risk and subsequently place her with community corrections for her probation constituted an impermissible burden on her for exercising her right against self-incrimination. Pemberton maintains that her Fifth Amendment privilege against self-incrimination extends through the preparation of a presentence investigation.

Resolution of this matter requires us to utilize a plenary standard of review. See *Lindsey v. Miami County National Bank*, 267 Kan. 685, 689-90, 984 P.2d 719 (1999).

In order to invoke the Fifth Amendment privilege against self-incrimination, putative testimony must not only be compelled by

the government, but it must also be incriminating. See *State v. Durrant*, 244 Kan. 522, 528, 769 P.2d 1174, *cert. denied* 492 U.S. 923 (1989). A matter will incriminate a person if it constitutes, or forms an essential part of, or, taken in connection with other matters disclosed, is a basis for a reasonable inference of such a violation of the laws of this state as to subject the person to liability or punishment therefor. *State v. Johnson-Howell*, 255 Kan. 928, 939-40, 881 P.2d 1288 (1994).

Under K.S.A. 2003 Supp. 75-5291(a)(2)(E), an individual may be assigned to a community correctional service program if the convicted individual is determined to be high risk or needs, or both, by the use of a statewide, mandatory, standardized risk assessment questionnaire.

The risk assessment questionnaire that is utilized does not ask about the underlying facts of the crime of which the defendant has been convicted. Instead, the questions focus on academic and employment history, financial management, marital and family relationships, and emotional stability. It seeks to determine the defendant's alcohol and drug usage, if any, plus the history of mental and physical health problems, and sexual behavior.

A risk assessment questionnaire that does not inquire about the underlying facts of the crime of conviction or the circumstances surrounding a guilty plea, does not in any way incriminate the convicted individual. Therefore, the Fifth Amendment privilege against self-incrimination does not apply. The trial court did not err in Pemberton's probation assignment.

Affirmed.