(250 P.3d 282)

No. 103,633

STATE OF KANSAS, *Appellee*, v. TRACY THOMPSON, *Appellant*.

Opinion filed March 11, 2011.

*Thomas G. Lemon* and *Scott A. Grosskreutz*, of Cavanaugh & Lemon, P.A., of Topeka, for appellant.

*Brandon L. Jones*, county attorney, and *Steve Six*, attorney general, for appellee.

Before MALONE, P.J., MARQUARDT and LEBEN, JJ.

MALONE, J.: The State charged Tracy L. Thompson with one count each of driving under the influence of alcohol (DUI), a class B nonperson misdemeanor; no proof of insurance; and speeding. The case was assigned to a district magistrate judge for a bench

trial, but due to the magistrate judge's illness, the bench trial was presided over by a district judge, who found Thompson guilty of DUI and speeding. A district magistrate judge sentenced Thompson and signed the journal entry of judgment. Following the sentencing, Thompson filed a notice of appeal to district court and requested a jury trial. The district judge dismissed Thompson's appeal, finding that the district court did not have jurisdiction because the criminal charges had already been tried before a district judge. Thompson appeals from that decision. For the reasons set forth herein, we reverse and remand for further proceedings.

On May 22, 2009, Deputy Samuel Ralston of the Osage County Sherriff's Office was running radar on Interstate 35 in Osage County. At approximately 2:17 a.m., Ralston observed a vehicle that appeared to be going faster than the posted speed limit of 70 m.p.h. Ralston activated his rear antenna on his radar unit, and the radar displayed a reading of 89 m.p.h. Ralston activated his emergency lights, and the speeding vehicle immediately pulled over to the side of the road. Ralston came to a stop behind the vehicle. When Ralston approached the driver's side door, he observed four occupants inside the vehicle. A male was sitting in the driver's seat, and a female was in the front passenger seat. The male in the driver's seat identified himself as Thompson.

Ralston informed Thompson of the reason for the stop. While speaking with Thompson, Ralston noticed a strong odor of alcoholic beverage coming from the vehicle. He also noticed that Thompson had bloodshot, watery eyes. Thompson informed Ralston that he had consumed a couple of alcoholic beverages but his last drink was 1½ hours earlier. Ralston issued Thompson a citation for speeding and no proof of insurance. Ralston then asked Thompson to submit to field sobriety testing and a preliminary breath test. As a result of the tests, Ralston arrested Thompson for DUI and transported him to the Osage County jail. There, Ralston gave Thompson the implied consent advisories and asked him to submit to an alcohol breath test on the Intoxilyzer 8000. Thompson consented to testing and his breath sample yielded a result of .086.

On June 24, 2009, the State charged Thompson with misdemeanor DUI, no proof of insurance, and speeding. Thompson filed

a request for trial and pursuant to Rule 4.100 of the Rules of Court for the Fourth Judicial District, the case was assigned to District Magistrate Judge Jon Stephen Jones for a bench trial. On July 29, 2009, the day of the scheduled bench trial, Judge Jones was ill so Chief District Judge Phillip M. Fromme presided at the trial. Thompson did not object to Judge Fromme presiding at the trial.

The central issue at trial was whether Thompson was the driver of the vehicle. Thompson's theory of defense was that he switched seats with the driver of the vehicle before Ralston came to a stop behind the vehicle. The State's only witness at trial was Ralston. Ralston testified that he did not notice any movement in the vehicle during the stop. He also testified that he asked Thompson at the Osage County jail if he had been operating the vehicle and Thompson responded, "Yeah." The State also offered into evidence a videotape of the stop. Freda Reed and Lauren Baker testified for Thompson. Both witnesses testified that Lisa Marie Macklin was driving the vehicle on May 22, 2009, but that Macklin and Thompson switched seats after Macklin pulled over to the side of the road because Macklin did not have a driver's license. Both witnesses testified that Thompson had not driven the vehicle the entire evening.

After hearing the evidence, Judge Fromme found Thompson guilty of DUI and speeding. The State voluntarily dismissed the charge of no proof of insurance. After the finding of guilt, Judge Fromme ordered an alcohol evaluation and set the case for sentencing at a later date. Judge Fromme did not say anything to Thompson about his appeal rights. On October 1, 2009, Judge Jones presided at the sentencing hearing. Judge Jones imposed an underlying jail term of 6 months, assessed fines and costs in the amount of $705, and placed Thompson on probation for 12 months. Judge Jones later signed the journal entry of judgment that was filed with the district court.

On October 8, 2009, Thompson filed a notice of appeal to the district court, and the case was assigned to Judge Fromme for trial. Within 7 days of the trial assignment in district court, Thompson filed a request for a jury trial pursuant to K.S.A. 22-3404(1). The State filed a response to Thompson's notice of appeal, contending

that because the bench trial was before a district judge, Thompson's appeal should be taken to the Court of Appeals. The State argued that the district court lacked jurisdiction to hear the appeal.

On November 10, 2009, Judge Fromme heard arguments of counsel and dismissed Thompson's appeal to the district court. Judge Fromme found that Thompson did not have the right to appeal to the district court because he had presided over Thompson's bench trial as a district judge. Judge Fromme concluded that the district court lacked jurisdiction to conduct another trial at the district court level. Thompson timely appealed Judge Fromme's decision dismissing his appeal to district court.

On appeal, Thompson argues that the district court denied him of his right to a jury trial when it dismissed his appeal to the district court for lack of jurisdiction. He requests a remand to the district court for a trial de novo. Thompson also claims there was insufficient evidence to support his convictions.

Whether jurisdiction exists is a question of law over which an appellate court has unlimited review. *State v. Ellmaker*, 289 Kan. 1132, 1147, 221 P.3d 1105 (2009). Also, the interpretation of a statute is a question of law over which an appellate court has unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

The right to appeal is statutory and is not contained in the United States or Kansas Constitutions. Subject to certain exceptions, Kansas courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes. *State v. Legero*, 278 Kan. 109, Syl. ¶ 2, 91 P.3d 1216 (2004). An appeal from a district magistrate judge's decision is governed by K.S.A. 22-3609a(1), which provides that a "defendant shall have the right to appeal from *any judgment* of a district magistrate judge." (Emphasis added.) An appeal from the judgment of a magistrate judge results in a trial de novo before the assigned district judge. K.S.A. 22-3609a(3).

The procedural facts of this case are peculiar. Thompson came to court on July 29, 2009, expecting his case to be tried before a district magistrate judge. Because of the magistrate judge's illness that day, a district judge presided over the bench trial. No order

was entered formally reassigning the case from the magistrate judge to the district judge. The district judge found Thompson guilty of DUI and speeding, but he was sentenced by a magistrate judge. The magistrate judge signed the journal entry of judgment. When Thompson tried to appeal the judgment to the district court, the same district judge who heard the bench trial dismissed the appeal for lack of jurisdiction. At first glance, the district court's decision dismissing the appeal may seem to make sense. Thompson already had a bench trial before a district judge, so why should he be entitled to another trial in district court? The State argues that Thompson is not entitled to two bites from the same apple. Thompson responds by pointing out that the dismissal of his appeal in district court cut off his right to request a jury trial pursuant to K.S.A. 22-3404(1).

We have found no case law that addresses the precise issue in this appeal. However, resolution of this issue depends on the meaning of the term "any judgment" found in K.S.A. 22-3609a(1). Several Kansas appellate decisions have construed this term. In *State v. Remlinger*, 266 Kan. 103, 968 P.2d 671 (1998), the defendant filed a notice of appeal under K.S.A. 1997 Supp. 22-3609a after he had been found guilty of two misdemeanors but prior to sentencing. In district court, the defendant claimed a violation of his speedy trial right when the de novo trial in district court was not commenced in a timely manner. The district court agreed and dismissed the case. The State appealed therefrom, arguing that because the defendant had appealed his case to district court prior to sentencing by the magistrate judge, the district court never acquired jurisdiction and could not dismiss the case on a speedy trial violation. 266 Kan. at 104.

On appeal, the defendant argued that the district court had jurisdiction to dismiss because K.S.A. 1997 Supp. 22-3609a(1) permitted an appeal of "any judgment," and a finding of guilt by a magistrate judge constituted a judgment. 266 Kan. at 105. However, our Kansas Supreme Court rejected the defendant's argument and noted that "Kansas courts have repeatedly defined a criminal 'judgment' as a pronouncement of guilt *and* the determination of the punishment." (Emphasis added.) 266 Kan. at 106.

The Supreme Court concluded that because no judgment had been entered by the magistrate judge, the appeal to district court could not be perfected; therefore, the district court was without jurisdiction to dismiss the case. 266 Kan. at 107.

Likewise, in *Legero*, the defendant attempted to appeal to district court from a magistrate judge's order revoking the defendant's probation. Our Supreme Court again noted that a criminal "judgment" is usually defined as the pronouncement of guilt and the determination of the defendant's punishment. 278 Kan. at 112. Accordingly, the court held that a magistrate judge's order revoking the defendant's probation was not a judgment that could be appealed to the district court within the meaning of K.S.A. 2003 Supp. 22-3609a. 278 Kan. at 116; see also *State v. Lashley*, 233 Kan. 620, 624, 664 P.2d 1358 (1983) (magistrate judge's order binding defendant over for arraignment was not a judgment appealable to district court); *City of Wichita v. Patterson*, 22 Kan. App. 2d 557, 558-59, 919 P.2d 1047, *rev. denied* 260 Kan. 992 (1996) (municipal court order revoking defendant's probation was not a judgment appealable to district court).

Returning to our facts, the district judge pronounced Thompson guilty, but a magistrate judge imposed the sentence. The magistrate judge signed the journal entry of judgment. The finding of guilt and the imposition of sentence constituted the judgment Thompson sought to appeal to district court. Pursuant to K.S.A. 22-3609a(1), Thompson was entitled to appeal the judgment of the magistrate judge to the district court. The fact that a district judge happened to hear the bench trial does not negate Thompson's right to appeal the judgment of the magistrate judge and request a trial de novo in district court. See *State v. Wright*, 26 Kan. App. 2d 879, 880, 995 P.2d 416 (2000) (defendant entitled to a jury trial in district court even though defendant had received a jury trial before the magistrate judge).

Kansas courts have consistently held that the final judgment in a criminal case is the sentence. *State v. Beard*, 274 Kan. 181, 187, 49 P.3d 492 (2002); *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 (1985); *State v. Soto*, 23 Kan. App. 2d 154, Syl. ¶ 1, 928 P.2d 103 (1996). In Thompson's case, the final judgment did not occur

until the magistrate judge pronounced Thompson's sentence from the bench. Although the district judge presided over the bench trial, the final judgment in Thompson's case was a decision of a magistrate judge. Under K.S.A. 22-3609a(1), Thompson had the right to appeal the judgment of the magistrate judge to the district court.

We conclude the district court erred by dismissing Thompson's appeal to the district court. The case is remanded to the district court for a trial de novo. Thompson is entitled to receive a jury trial pursuant to his timely request. Because Thompson has no statutory right to appeal the judgment of the district magistrate judge directly to the Court of Appeals, we are without jurisdiction to consider Thompson's alternative argument that his convictions were not supported by the evidence.

Reversed and remanded.