NOT DESIGNATED FOR PUBLICATION

No. 124,667

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STEVEN RAY WARDEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Opinion filed August 26, 2022. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., SCHROEDER and WARNER, JJ.

PER CURIAM: This appeal arises following Steven Ray Warden's fifth conviction for driving under the influence. Warden contends that the district court erred when it modified the conditions of his probation after sentencing for that offense, changing the entity supervising his probation from court services to community correctional services. We affirm the district court's decision.

FACTUAL AND PROCEDURAL BACKGROUND

Warden pleaded guilty in June 2021 to driving under the influence, agreeing that this conviction was his fourth or subsequent offense. At the time Warden committed this

offense in April 2020, Kansas law imposed specific sentencing requirements for offenders convicted of repeated DUI offenses:

- K.S.A. 2019 Supp. 8-1567(b)(1)(E) imposed a sentence of 90 days to one year in prison, along with a minimum $2,500 fine.

- K.S.A. 2019 Supp. 8-1567(b)(3) imposed a one-year term of postrelease supervision following the offender's imprisonment.

- K.S.A. 2019 Supp. 8-1567(b)(1)(E) clarified that an offender is not "eligible for release on probation, suspension or reduction of sentence[,] or parole" until that person has served at least 90 days in custody, including at least 72 consecutive hours in jail.

- K.S.A. 2019 Supp. 8-1567(b)(3) required a district court to consider "whether the offender, upon release from imprisonment, shall be supervised by community correctional services or court services." This determination must be "based upon the risk and needs of the offender" and assessed using "a risk assessment tool specified by the Kansas sentencing commission." K.S.A. 2019 Supp. 8-1567(b)(3). Generally, higher-risk offenders are supervised by community correctional services, or community corrections, while those with lower risks are monitored by court services.

The presentence investigation report in Warden's case indicated that his risk for reoffending was "moderate, high, or very high." As a result of his risk level, the report recommended that Warden be supervised by community corrections. An LSI-R Assessment similarly recommended community corrections because Warden was deemed to pose a "maximum" risk.

Consistent with the parties' plea agreement, the district court imposed a 12-month jail sentence for Warden's offense. The court then suspended the sentence and ordered Warden to serve 90 days in custody (to be served primarily through house arrest), followed by 12 months of probation supervised "by court services." Beyond this statement, there was no discussion at the sentencing hearing as to which entity should supervise Warden's probation; neither the parties nor the district court addressed the presentence investigation report's recommendation or the LSI-R Assessment. The journal entry of sentencing indicated that community corrections would monitor Warden's postrelease supervision, but court services would supervise his probation.

At some point while Warden was on house arrest, an Intensive Supervision Officer contacted the district court, informing the court that community corrections, not court services, should supervise Warden's probation. In November 2021, the court held a hearing to resolve the supervision question. At the hearing, the court found that its order requiring probation supervision by court services was made in "error." The court then "correct[ed]" its previous statement and ordered that community corrections supervise Warden's probation. Warden appeals this modification.

DISCUSSION

Warden argues that the district court lacked authority to modify the entity supervising his probation, asserting that this change effectively imposed a new sentence. Warden asserts that K.S.A. 2019 Supp. 8-1567(b)(3) did not require the district court to order supervision by any particular entity. Thus, the district court had authority at sentencing to order supervision by either community corrections or court services. But once that order was rendered, the court could not modify its decision. See *State v. Anthony*, 274 Kan. 998, 1002, 58 P.3d 742 (2002) (district court has no jurisdiction to modify a legally imposed sentence). The fundamental flaw in this argument, as the State

3

points out in its response, is that it conflates the elements of Warden's sentence with the conditions of his probation.

"'Sentencing in a criminal proceeding takes place when the trial court pronounces the sentence from the bench.'" *State v. McDaniel*, 292 Kan. 443, 445, 254 P.3d 534 (2011). A person's sentence includes, among other things, the underlying term of imprisonment, court-ordered restitution, and any postrelease supervision. Accord 292 Kan. at 446 (restitution is part of a defendant's sentence); *State v. Arrocha*, 42 Kan. App. 2d 796, 798, 217 P.3d 467 (2009) (defining a complete sentence under the Kansas Sentencing Guidelines). As Warden correctly observes, a district court generally does not have jurisdiction to modify a sentence, other than to correct arithmetical or clerical errors, once it has been pronounced. *McDaniel*, 292 Kan. at 445; *Anthony*, 274 Kan. at 999.

But the district court's order here—modifying the entity that would supervise Warden's probation—does not concern his sentence. Indeed, Kansas law has long recognized that probation is "separate and distinct" from a person's sentence. *State v. Dubish*, 236 Kan. 848, Syl. ¶ 2, 696 P.2d 969 (1985). Because probation "is an act of grace," district courts have broad discretion—within the applicable legal framework—to craft the conditions of a person's probation. *Dubish*, 236 Kan. 848, Syl. ¶ 2. District courts similarly have authority to modify the conditions of probation at any time during the probation term. 236 Kan. at 851. Modifying probation conditions does "not affect [a person's] sentence in any way." *State v. Grossman*, 45 Kan. App. 2d 420, 426, 248 P.3d 776 (2011).

On appeal, we will only disturb the conditions a district court has established for probation when the court has abused its broad discretion. This occurs when a court renders a decision so far afield that no reasonable person would agree with it, or when the court bases its ruling on an error of law or fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). Because Warden is challenging the district court's decision, he bears the

burden of showing the court committed such an error. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Applying these principles here, we find no abuse of discretion by the district court in modifying the entity supervising Warden's probation from court services to community corrections. As the district court acknowledged during the November 2021 hearing, K.S.A. 2019 Supp. 8-1567(b)(3) required the district court to evaluate Warden's risk and needs—using the presentencing risk-assessment tools—and determine the appropriate entity to oversee his probation. While the record is silent as to whether the district court conducted this analysis at the original sentencing hearing, the court certainly took these evaluations into account when it later modified the terms of Warden's probation. Thus, Warden has not shown that the district court's decision was rooted in any legal or factual error.

And the district court's decision to modify Warden's probation in this case was reasonable. Warden has been convicted of his fifth DUI offense. Both the presentence investigation report and the LSI-R Assessment indicated that Warden had an elevated—or, in the LSI-R Assessment, "maximum"—risk for reoffending. Faced with these facts, the district court did not abuse its discretion when it ordered that Warden's supervision be carried out by community corrections.

Affirmed.