Nos. 127,588
127,589

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

EDWARD OATHOUT,
*Appellant*.

SYLLABUS BY THE COURT

1.

A district court has no authority to impose consecutive terms of probation on a defendant convicted of multiple felonies in separate cases.

2.

A district court may order an extended probation of up to 60 months for most felony convictions if it finds and sets forth with particularity reasons the standard statutory period would not serve the defendant's welfare or would jeopardize public safety.

3.

During a sentencing hearing, a district court must inquire about the defendant's financial obligations, their earning capacity, and other factors bearing on their ability to repay BIDS before entering a reimbursement order for the services of an appointed lawyer.

1

Appeal from Cheyenne District Court; SCOTT SHOWALTER, judge. Submitted without oral argument. Opinion filed July 18, 2025. Affirmed in part, vacated in part, and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., ATCHESON and ISHERWOOD, JJ.

ATCHESON, J.: We wrestle with what superficially ought to be a simple question: Does a district court have the authority to impose consecutive terms of probation on a defendant convicted of multiple felonies in two or more cases handled in a joint sentencing hearing? The not-so-simple answer requires a close examination of several statutes pertaining to sentences and probation and the policy behind probation as an alternative to incarceration. Having undertaken that task, we conclude the Cheyenne County District Court impermissibly ordered Defendant Edward Oathout to serve consecutive probations in two cases. We, therefore, vacate that order and remand with directions that the district court impose otherwise lawful concurrent periods of probation.

On appeal, Oathout also contends the district court failed to make the requisite statutory findings to warrant an extended period of probation on his conviction for possession of methamphetamine. We disagree. The district court's full explanation of its disposition supported a finding that the longer probation on that conviction would serve Oathout's welfare, given his criminal history and ongoing substance abuse. Finally, Oathout says the district court failed to sufficiently consider his financial circumstances in ordering him to reimburse the Board of Indigents' Defense Services (BIDS) for his appointed lawyer in these cases. On that, we agree. On remand, the district court should reexamine the BIDS reimbursements.

2

Given the issues, we focus on the procedural progression of the two cases and the plea agreement resolving them. Under the agreement, Oathout pleaded guilty in one case to interference with a law enforcement officer, a severity level 9 nonperson felony, and pleaded guilty in the other to possession of methamphetamine, a severity level 5 drug felony. If Oathout's criminal history classification were C or lower, the agreement called for a joint recommendation from the parties for probation without specifying a particular period of probation. The agreement also called for the State to dismiss other charges against Oathout. The lawyers outlined the agreement during a hearing in November 2023, and the district court accepted Oathout's guilty pleas.

At a combined sentencing hearing for both cases in April 2024, the parties agreed Oathout's criminal history placed him in category C. Oathout's lawyer made an emphatic argument that Oathout had continuing substance abuse problems and inpatient treatment options were available with follow-up care in the community. On the interference conviction, the district court sentenced Oathout to the aggravated presumptive prison term of 13 months with postrelease supervision for 12 months and placed him on probation for a standard term of 12 months. On the possession conviction, the district court imposed the aggravated presumptive prison term of 32 months with postrelease supervision for 12 months and placed Oathout on probation for 24 months—double the usual statutory period. The district court ordered that the prison terms run consecutively.

The presumptive disposition on the interference conviction called for probation. But the methamphetamine conviction was a border-box offense typically requiring imprisonment, although probation would not be considered a dispositional departure. In granting probation, the district court acknowledged its strong inclination to follow plea agreements. The district court ordered that the probation terms in the two cases run

3

consecutively, effectively creating a 36-month probation. That's the crux of the principal issue engaging our attention on appeal.

LEGAL ANALYSIS

Oathout has raised three points on appeal: (1) The district court erred as a matter of law in imposing consecutive probations; (2) the district court made insufficient findings justifying the extended probation on the methamphetamine conviction; and (3) the district court failed to consider his financial condition in ordering the BIDS reimbursements. We take the issues up in that order, augmenting our introductory recitation as necessary.

*Consecutive Probation Terms*

Oathout contends the district court had no legal authority to impose consecutive terms of probation on him for his two felony convictions. We agree. In addressing this issue, we see no disputed facts, and our resolution depends upon a reading of the relevant statutes coupled with a review of general principles governing probation as a component of the criminal justice process. Accordingly, we owe no deference to the district court's ruling. *In re Estate of Oroke*, 310 Kan. 305, 310, 445 P.3d 742 (2019) ("Application of legal principles to undisputed facts involves questions of law subject to de novo review."); *State v. Mejia*, 58 Kan. App. 2d 229, 231-32, 446 P.3d 1217 (2020) (when material facts are undisputed, issue presents question of law; no deference given to district court).

We first look at the concept of probation and how it fits within the criminal law. In the Kansas statutory scheme, probation is not a sentence but a means of satisfying a sentence as an alternative to incarceration. Under K.S.A. 21-6603(g), "probation" is defined as "a procedure under which a defendant, convicted of a crime, is released by the

4

court after imposition of sentence, without imprisonment except as provided in felony cases, subject to conditions imposed by the court." The exception for felonies permits a district court to order a defendant to serve up to 60 days in a county jail as a condition of probation. K.S.A. 21-6603(g). The distinction between a sentence and probation becomes significant in our consideration of the governing statutes.

Probation, as an alternative to incarceration, is a purely statutory right. *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 (1985). Absent a legislative grant of authority, a district court "is without judicial power to . . . place the defendant, who has been convicted, on probation." 236 Kan. at 851. In other words, a district court lacks the inherent prerogative to extend probation to a convicted felon or to craft terms of probation the Legislature has not authorized. Concomitantly, a convicted felon has no fundamental constitutional right to probation in the absence of a statute permitting that disposition of punishment.[1]

[1] When a legislature has authorized probation and a district court has placed a convicted felon on probation, that individual has a vested liberty interest in the grant of probation and may not be deprived of that interest without an appropriate due process hearing. *State v. Hurley*, 303 Kan. 575, 581, 363 P.3d 1095 (2016); *State v. Gonzalez*, 57 Kan. App. 2d 618, 623, 457 P.3d 938 (2019). Likewise, a statute (or a district court) could not permit or deny probation based on invidious discrimination, such as by race or religion, or in other ways violating equal protection rights. See *McLaughlin v. Florida*, 379 U.S. 184, 193-94, 85 S. Ct. 283, 13 L. Ed. 2d 222 (1964); *United States v. Carter*, 87 F.4th 217, 225-26 (4th Cir. 2023). Constitutional protections shielding the wrongful deprivation of a purely statutory right have no bearing on the existence or scope of that right in the first instance. Here, we are not concerned with a convicted felon's loss of probation after a district court has appropriately placed them on probation. Oathout's complaint bears on the propriety of the probation order itself.

The elemental penological objectives of the criminal justice process are commonly identified as rehabilitation, deterrence, incapacitation, and retribution. *State v. Ayers*, 309 Kan. 162, 165-66, 432 P.3d 663 (2019). Almost needless to say, probation conceptually tilts heavily, if not exclusively, toward rehabilitation. Probation recognizes that some

5

convicted felons may be more readily rehabilitated without imprisonment, subject to stringent and often numerous conditions aimed at repairing those undesirable traits and conditions that prompted or contributed to their criminality. See *Dubish*, 236 Kan. at 853-54; *State v. Schad*, 41 Kan. App. 2d 805, 818-19, 206 P.3d 22 (2009). And a successfully rehabilitated criminal is, by definition, not a recidivist.

Typically, district courts assess case specific circumstances in considering probation, including the crimes of conviction, the defendant's criminal history, and their background and general character. Those considerations are then weighed with public safety and a defendant's own welfare, as reflected in the overarching purposes in punishing convicted felons. There is no rigid formula for granting or denying probation. The Legislature has summarized that process in outlining the policies behind the Kansas sentencing scheme:

> "K.S.A. 21-6601 through 21-6629, and amendments thereto, shall be liberally construed to the end that persons convicted of crime shall be dealt with in accordance with their individual characteristics, circumstances, needs and potentialities as revealed by case studies; that dangerous offenders shall be correctively treated in custody for long terms as needed; and that other offenders shall be dealt with by probation, suspended sentence, fine or assignment to a community correctional services program whenever such disposition appears practicable and not detrimental to the needs of public safety and the welfare of the offender, or shall be committed for at least a minimum term within the limits provided by law." K.S.A. 21-6601.

Policy and legal rules aside, probation reflects a bureaucratic necessity in the same way plea bargaining does, except it operates toward the end of the process rather than nearer the start. Absent plea bargaining, the judicial process likely would collapse from the burden of conducting jury trials in vastly more cases. Without probation as a practical sentencing option for many felons, the prison system would balloon into a much larger and far more expensive component of state government.

6

The Legislature has wed the policy and the practical in the current statutory regimen for sentencing most convicted felons. Under the sentencing guidelines, defendants who have limited criminal histories and are convicted of lesser felonies presumptively warrant probation rather than incarceration. See K.S.A. 21-6804 (nondrug felonies); K.S.A. 21-6805 (drug felonies). Here, Oathout's interference conviction presumptively called for probation. In a given case, however, a district court may find particular circumstances justify a departure from probation to incarceration. Likewise, a district court may grant probation in a case presumptively calling for incarceration. K.S.A. 21-6815 (departure sentences). But, as with other aspects of the process, the district court cannot step outside the statutory scheme in ordering a departure to or from probation. See *State v. Montgomery*, 314 Kan. 33, 45, 494 P.3d 147 (2021) (district court erred in granting probation based solely on "improper nonstatutory mitigating factor"); *State v. Jolly*, 291 Kan. 842, 847, 249 P.3d 421 (2011) ("all departure procedures must be followed").

From those general principles, we turn to K.S.A. 21-6608, the specific criminal statute governing probation. The statute prescribes probation periods for most felonies and outlines grounds for district courts to order longer initial periods or to later extend an initial period. Directly pertinent here, given Oathout's crimes of conviction, a district court "shall order" a probation of "up to 12 months" for severity level 9 and 10 nondrug felonies and severity level 5 drug felonies. K.S.A. 21-6608(c)(3). For more serious felonies, the statute sets "recommended" probation periods of 24 or 36 months. K.S.A. 21-6608(c)(1), (c)(2).

The statute affords district courts the authority to order a longer initial period of probation if the statutory period would jeopardize public safety or fail to serve the defendant's welfare. K.S.A. 21-6608(c)(5). But the period is capped at the greater of 60 months or a time equivalent to the maximum authorized term of incarceration under the sentencing guidelines. K.S.A. 21-6608(c)(6).

7

In addition, the statute outlines circumstances permitting a district court to later extend the period of probation it had initially ordered. Those include unpaid restitution or a finding of "necessity" upon "a modification hearing." K.S.A. 21-6608(c)(7) (unpaid restitution); K.S.A. 21-6608(c)(8) (necessity). An extension for necessity is specifically limited to the longer of five years or the maximum prison sentence for the crime of conviction.

In sum, the Legislature has developed a probation protocol setting initial probation periods with some flexibility to allow district courts to order longer terms at the outset or to extend the terms for identified circumstances largely tied to an individual defendant's situation. In that way, K.S.A. 21-6608 advances the policy objectives the Legislature describes in K.S.A. 21-6601. The approach presumes the initial probation period a district court orders—consistent with the statutory prescriptions—will be sufficient to rehabilitate a given defendant, while allowing room for adjustments when that presumption proves faulty.

Nothing in K.S.A. 21-6608 addresses consecutive periods of probation when a district court sentences a defendant on more than one felony conviction, whether in a single case or, as here, in more than one case. That is, the comprehensive statute governing probation is silent on the point. We do not, then, confront statutory language dealing with consecutive probations in an ambiguous or indecipherably vague manner. In short, K.S.A. 21-6608 does not contain an explicit grant of authority permitting district courts to order consecutive probations.

Although *Dubish* dealt with an earlier statutory scheme for punishing convicted felons, the foundational principles the court recognized drive the outcome here. In that case, a jury convicted Dubish of four felonies arising from a single criminal incident. The district court initially granted Dubish probation on the most serious charge and imposed prison sentences without probation on the others—fashioning a hybrid punishment of

8

imprisonment and probation. Through a procedural wrinkle irrelevant here, the district court later backed off that punishment and imposed prison sentences on all of the convictions. Dubish appealed, and the court expressly considered whether a district court could grant probation on some felony convictions and order incarceration on others.

As we have explained, *Dubish* held that district courts have only such authority as the Legislature grants them in ordering probation. So district courts have neither constitutional nor inherent power to expand the statutory boundaries for probation. Because the Legislature did not expressly provide for punishment combining probation on some felony convictions with incarceration of others, the district court's original disposition in *Dubish* was legally impermissible. 236 Kan. at 855. The fundamental lesson of *Dubish* reverberates here. Without clear legislative authority to order consecutive probation periods on felony convictions in separate cases—and there is none—the district court here erred. In short, a district court has no authority to impose consecutive terms of probation on a defendant convicted of multiple felonies in separate cases.

We consider two other statutory provisions related to sentencing criminal defendants and find they do not undermine our conclusion. First, under K.S.A. 21-6606(a), when a district court imposes "separate sentences" on a defendant for "different crimes" on the same day, it may order those sentences be served concurrently or consecutively. The statute refers to terms of imprisonment and not probation, consistent with the definition in K.S.A. 21-6603(g) that draws an obvious distinction between the imposition of sentence and a grant of probation.

Second, K.S.A. 21-6819 outlines procedures district courts should follow in sentencing defendants convicted of more than one felony in a single case, including establishing a primary crime of conviction and applying criminal history categories. The statute sets out detailed requirements for integrating the sentence for the designated

9

primary crime with the sentences for the remaining convictions. As part of those directions, the statute provides that if a district court imposes "a nonprison sentence"— a defined term that includes probation—for the primary crime, then a like nonprison sentence must be imposed for the other crimes and the nonprison periods may not be "aggregated or served consecutively." K.S.A. 21-6819(b)(8); see K.S.A. 21-6803(o) (defining "nonprison" as including probation). So K.S.A. 21-6819(b)(8) plainly prohibits consecutive probation periods for felony convictions in a single case.

An argument could be fashioned to suggest that the explicit prohibition in K.S.A. 21-6819(b)(8) signals some sort of legislative intent to permit consecutive probations in other circumstances, such as here, where Oathout was sentenced in two cases. The argument is unpersuasive in several respects. Initially, it depends upon treating a prohibition in one subsection of a statute in article 68 of the criminal code as an affirmative grant of authority in another statute in article 66. That alone is an improbable, if not unreasonable, statutory reading. See *State v. James*, 301 Kan. 898, 903, 349 P.3d 457 (2015) (court should construe statute "to avoid unreasonable or absurd results"). And it would add something to K.S.A. 21-6608 not readily found there. See *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, Syl. ¶ 6, 154 P.3d 494 (2007) (courts should avoid adding something not found in statutory language or negating something already there); *State v. Baumgarner*, 59 Kan. App. 2d 330, 335, 481 P.3d 170 (2021).

Moreover, K.S.A. 21-6819(b)(8) is not a broad legislative policy statement. The subsection is a narrow explanation about how a district court should treat one of several scenarios that may come up in sentencing a defendant on multiple convictions arising from a single complaint or indictment. No broader (and implicit) meaning should be imputed to what is one part of a mechanical description of sentencing procedures to be used for a single criminal case. Finally, suggesting Oathout could receive consecutive periods of probation because he was charged in separate cases—whereas a defendant facing multiple convictions in a single case could not—fairly poses a legitimate equal

10

protection concern. See *State v. Dixon*, 60 Kan. App. 2d 100, 133, 139, 492 P.3d 455 (2021). The doctrine of constitutional avoidance counsels against reading the sentencing statutes in a way that would precipitate an equal protection violation or some other constitutional defect. See *Clark v. Martinez*, 543 U.S. 371, 380-81, 125 S. Ct. 716, 160 L. Ed. 2d 734 (2005) (As between "plausible statutory constructions," a court should reject one that "would raise a multitude of constitutional problems."); *Johnson v. U.S. Food Service*, 312 Kan. 597, 602-03, 478 P.3d 776 (2021) (Courts should prefer a plausible interpretation of a statute that avoids a constitutional defect, so long as it does not conflict with the express language or an obviously contrary legislative intent.).

To sum up, the district court acted without judicial authority when it imposed consecutive terms of probation on Oathout. We, therefore, vacate the orders of probation and remand for the district court to impose statutorily appropriate probations.[2]

[2] In the interests of historical completeness, we mention that the propriety of consecutive periods of probation came up a decade ago. But the Kansas Supreme Court found the question had not been presented in a way conducive to a resolution on the merits and declined to decide the issue. *State v. Hilton*, 301 Kan. 991, 992, 349 P.3d 475 (2015). The issue apparently had not again surfaced in an appellate court until now.

*Findings for Extended Probation*

As we have explained, under K.S.A. 21-6608(c)(3), the standard period of probation for a severity level 5 drug conviction, such as possession of methamphetamine, is up to 12 months. But a district court may order an extended probation of up to 60 months for most felonies, including Oathout's conviction, if it "finds and sets forth with particularity" reasons the standard period would not serve the defendant's "welfare" or would "jeopardize" public safety. K.S.A. 21-6608(c)(5) (extension of probation for public safety or defendant's welfare); K.S.A. 21-6608(c)(6) (probation capped at 60 months or period equivalent to maximum term of incarceration). Oathout contends the district court

11

made insufficient findings in placing him on probation for 24 months on the methamphetamine conviction.

Again, we see no disputed facts in that the district court outlined its reasoning for doubling the standard probation on the methamphetamine conviction during the sentencing hearing. We do not understand Oathout to be claiming the district court misunderstood the factual circumstances. The legal sufficiency of the articulated reasons entails a question of law.

To state something "with particularity," as required under K.S.A. 21-6608(c)(5), a district court's findings "must be distinct rather than general, giving exact descriptions of all details." *State v. Tafolla*, 315 Kan. 324, 330, 508 P.3d 351 (2022). And "[i]mplicit findings by a court are insufficient." 315 Kan. at 330. Essentially, a district court has to explicitly describe what in a defendant's background and criminal conduct warrants an extended probation and how that extension directly serves the defendant's welfare or a community interest in safety. See *State v. Clapp*, 308 Kan. 976, 989-90, 425 P.3d 605 (2018).

During the hearing, the district court provided a detailed explanation for its decision to grant Oathout probation on the methamphetamine conviction and why an extended probation period would be appropriate. The district court did not, however, offer a summary of its reasoning—what might be pejoratively characterized as a sound-bite—citing K.S.A. 21-6608(c)(5) and referring to Oathout's "welfare" in so many words. But magic words are not required.

The district court had carefully examined Oathout's criminal conduct and noted his repeated convictions over 15 years and that the crimes had "ramped up" in seriousness in the preceding four years. Everyone acknowledged Oathout had a deep-seated substance abuse problem that fueled his criminal behavior. Oathout's lawyer presented a written

plan to the district court that included inpatient treatment for Oathout starting about a month and a half after the hearing to be followed by extended time in a structured living facility for recovering substance abusers. In arguing to the district court, the lawyer emphasized Oathout's addiction as a substantial cause for that criminality. Oathout personally told the district court he was an addict and professed a desire to reform.

The district court suggested Oathout had displayed a lackluster approach to rehabilitation in the past and wondered whether he really did not care all that much and might not be invested in getting and remaining sober. So while the district court applauded the lawyer's industry in putting together a concrete treatment plan, it voiced serious reservations about Oathout either having sufficient incentives or facing serious enough consequences to stick with that program let alone to remain sober afterward. The district court sought to fashion punitive conditions designed to push Oathout toward completing the treatment plan (to his obvious benefit) and to remain drug free for at least two years. The conditions combined aggravated presumptive sentences in both cases imposed consecutively with a 24-month probation period, doubling the statutory standard, for the methamphetamine conviction.

The district court's explanation of the overall circumstances sufficiently established particularized reasons a 12-month probation would not have served Oathout's welfare in the long run. We, therefore, find no error in that decision.

*BIDS Reimbursement Order*

A criminal defendant appointed a lawyer and then convicted of a felony may be required to reimburse BIDS for some or all of the attorney fees up to set statutory limits. K.S.A. 22-4513(a). During a sentencing hearing, the district court must inquire about the defendant's financial obligations, earning capacity, and other factors bearing on their ability to repay BIDS. K.S.A. 22-4513(b); *State v. Robinson*, 281 Kan. 538, Syl. ¶ 1, 132

13

P.3d 934 (2006). Here, the district court made no such inquiry and simply stated attorney fees would be assessed based on the amount the lawyer submitted and the caps on reimbursement. One journal entry refers to attorney fees "not to exceed" $705 and the other to fees "not to exceed" $775. As the State correctly acknowledges, the district court's determination does not comport with K.S.A. 22-4513(b) or *Robinson*, 281 Kan. at 546 (district court "must consider the financial resources of the defendant and the nature of the burden that payment will impose *explicitly*, stating on the record how those factors have been weighed in the court's decision" on BIDS reimbursement). We, therefore, set aside the BIDS reimbursements.

On remand, the district court should inquire of Oathout in a manner consistent with K.S.A. 22-4513(b) and then order BIDS reimbursements consistent with that inquiry.

Affirmed in part, vacated in part, and remanded with directions.