(893 P.2d 290)
No. 71,204

STATE OF KANSAS, *Appellee*, v. PATRICIA MCDANIEL, *Appellant*.

—

Opinion filed April 14, 1995.

*Steven R. Zinn*, deputy appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Doyle Baker*, assistant district attorney, *Nola Foulston*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., RULON and GREEN, JJ.

BRISCOE, C.J.: Patricia McDaniel appeals the denial of motions to modify sentences imposed following her pleas of guilty to possession of cocaine (K.S.A. 65-4127a) and failure to wear a seat belt (K.S.A. 8-2503). We apply a harmless error standard to the State's breach of the plea agreement at the hearing on the motion to modify and reverse and remand for rehearing on both motions to modify.

The sole issue presented is whether the State's admitted breach of its agreement to recommend alternative placement at the hearing on the motion to modify the sentence for her first conviction is harmless error in light of McDaniel's subsequent conviction and the trial court's imposition of a prison sentence for a second crime committed while she was awaiting sentencing on her first conviction.

In June 1992, McDaniel was charged in case No. 92CR1060 with one count of possession of cocaine. McDaniel entered into a plea agreement and agreed to plead guilty to one count of possession of cocaine in exchange for the State's agreement to "recommend alternative placement from a minimum sentence, five days in jail, $500 fine or 50 hours community service, and that she complete all treatment as directed." The State also agreed not to recharge crimes previously dismissed in another case. McDaniel was then released on bond. She failed to appear for sentencing scheduled for February 5, 1993. In April 1993, she was charged with possession of cocaine and failure to wear a seat belt (case No. 93CR779). She entered into a plea agreement in 93CR779 and agreed to plead guilty as charged in exchange for the State's promise to recommend the minimum sentence. McDaniel was sentenced to 3 to 10 years' imprisonment in 92CR1060. In 93CR779, she was sentenced to 3 to 10 years' imprisonment on the cocaine charge and to one month's imprisonment on the seat belt charge. The sentences were ordered to run concurrent with each other but consecutive to the sentence imposed in 92CR1060.

At a hearing for modification of sentence in 92CR1060, defense counsel argued for alternative placement, but both she and the prosecutor mistakenly believed the plea agreement provided for a recommendation of imprisonment, subject to modification after review of the TCF report. In accordance with this mistaken belief, the prosecutor requested that the trial court follow the TCF recommendation that McDaniel serve an appropriate sentence. The trial court followed the TCF recommendation and denied the motion to modify in 92CR1060, and later denied the motion to modify in 93CR779 without a hearing.

McDaniel contends she is entitled to a rehearing of her motions to modify in both cases because the State violated the plea agreement by failing to continue to recommend alternative placement in 92CR1060 at the hearing on the motion to modify. McDaniel argues the same judge ruled on the motions to modify filed in both 92CR1060 and 93CR779 and was arguably influenced in both rulings by the State's recommendation that breached the

plea agreement in 92CR1060. Although McDaniel did not raise this issue in the trial court, in *State v. Crawford*, 246 Kan. 231, 234, 787 P.2d 1180 (1990), the court addressed the merits of defendant's argument that the State breached a plea agreement despite failure to raise the issue before the trial court.

The State concedes that under *State v. Wills*, 244 Kan. 62, 765 P.2d 1114 (1988), it violated the plea agreement, but argues the breach could not have affected the court's decision to deny modification in 92CR1060. Under K.S.A. 1994 Supp. 21-4608(d), McDaniel's sentence of imprisonment in 93CR779 had to be served consecutive to the sentence in 92CR1060 because the latter crime was committed while McDaniel was released on bond awaiting sentencing for the first crime. See K.S.A. 22-2804; *State v. Sayles*, 10 Kan. App. 2d 180, 181, 694 P.2d 918 (1985). According to the State, having imposed imprisonment in 93CR779, the court could not modify the sentence in 92CR1060 by granting probation because the sentence of imprisonment in 93CR779 could not be served consecutive to a period of probation in 92CR1060, citing *State v. Dubish*, 236 Kan. 848, 696 P.2d 969 (1985).

McDaniel argues the trial court might have modified the sentence in 92CR1060 if the State had complied with the plea agreement by continuing to recommend probation and then might have modified the sentence in 93CR779 by granting probation. We agree with McDaniel that this result would not have been inconsistent with the requirement of 21-4608(d) that the sentences be consecutive. The court could have imposed consecutive sentences for the two crimes but granted probation for both, so that McDaniel would be required to serve consecutive sentences if she violated probation. K.S.A. 1994 Supp. 21-4608(d) requires only that the sentences be consecutive; it does not forbid probation. Probation is granted *after* imposition of sentence. See K.S.A. 1994 Supp. 21-4602(c); *Dubish*, 236 Kan. at 851. Probation is not inherently inconsistent with consecutive sentences.

The State also argues its violation of the plea agreement was harmless error. Although the State cites no case that applies a harmless error analysis to the question presented, there is authority to support that conclusion.

In *Wills*, the defendant pleaded guilty in exchange for a recommendation of concurrent sentences. The plea agreement was silent as to whether the State would be bound by that recommendation at post-sentence hearings. Although the State complied with the agreement at sentencing by recommending concurrent sentences, the trial court imposed consecutive sentences. At the hearing on defendant's motion to modify the sentence, the State argued against modification based on a negative SRDC report, and the trial court denied modification. The defendant then moved to withdraw his guilty plea, arguing the State had violated his due process rights by failing to comply with the terms of the plea agreement. The trial court denied the motion. On appeal, the court held the State's promise to recommend concurrent sentences bound the State to make the same recommendation at the hearing on the motion to modify and remanded the case for rehearing of the motion to modify before a different judge, at which the State would be required to comply with the agreement. The court did not permit the defendant to withdraw his guilty plea because the State had honored the plea agreement at the time the defendant pleaded guilty and was sentenced. The court did not address whether violation of the agreement was, or could be, harmless error.

In *Santobello v. New York*, 404 U.S. 257, 262, 30 L. Ed. 2d 427, 92 S. Ct. 495 (1971), the Court stated that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." The Court further stated that the prosecution was "not in a good position to argue that its inadvertent breach of the agreement is immaterial." The Court stated there was no need to decide whether the trial court would have imposed a different sentence if it had known the details of the plea negotiations. The Court noted that the trial judge had stated on the record that he was not influenced by the State's recommendation, but held: "Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding

the case to the state courts for further consideration." 404 U.S. at 262-63. The state courts were directed to determine whether the defendant was entitled to withdrawal of his plea or merely resentencing before a different judge.

In *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993), the court applied *Santobello* in rejecting the argument that a sentence recommendation that breached the plea agreement was harmless:

"The interest of justice and standards of good faith in negotiating plea bargains require reversal where a plea bargain is breached. [Citation omitted.] A lesser standard would permit the government to make a plea bargain attractive to a defendant, subsequently violate the agreement and then argue harmless error, thereby defrauding the defendant."

Similarly, in *Tillman v. State*, 522 So. 2d 14, 16 (Fla. 1988), a death penalty case, the court applied *Santobello* in holding that the mere breach of a plea agreement, "no matter how slight, or whether the judge was influenced by it, is grounds for reversal." See *People v. Walker*, 54 Cal. 3d 1013, 1 Cal. Rptr. 902, 819 P.2d 861 (1991) (violation of plea agreement not subject to harmless error analysis); *Citti v. State*, 107 Nev. 89, 807 P.2d 724 (1991) (State is held to "the most meticulous standards of both promise and performance"; violation of terms or spirit of plea agreement requires reversal).

Other courts have applied a harmless error analysis and have held that a sentence recommendation that violated a plea agreement was harmless error when the record showed the sentencing court did not rely on the recommendation. *United States v. Foutz*, 865 F.2d 617, 622 (4th Cir. 1989); *Carter v. Scully*, 745 F. Supp. 854, 858 (E.D.N.Y. 1990). See *United States v. Brody*, 808 F.2d 944, 948 (2d Cir. 1986) (any prejudice from prosecution's failure to keep promise to inform court of defendant's cooperation with investigation was cured when sentencing court was presented with those facts in motion for reduction of sentence). This approach is inconsistent with *Santobello*, which suggests that a defendant is entitled to relief even if the trial court was not influenced by the breach.

Other courts have focused not on whether the sentencing court was influenced by the breach, but on whether defendant's guilty

plea was induced by the broken promise. This approach appears more consistent with the holding in *Santobello*. In *State v. Sasak*, 178 Ariz. 182, 871 P.2d 729 (1993), the court followed *Santobello* in holding that a breach of a plea agreement by the State requires reversal only when defendant can show the plea rested "in any significant degree" on the State's broken promise. The court went on to hold that the defendant "had to prove, by a preponderance, that his guilty plea was induced by the State's promise to recommend against consecutive terms and not by other considerations." 178 Ariz. at 186. Because defendant failed to show he would not have pleaded guilty but for the prosecutor's agreement to recommend concurrent terms, the court held he was not entitled to relief.

In *Brody*, 808 F.2d at 948, the court held that every breach does not automatically require resentencing. Resentencing is required only when the violation goes to the very essence of the plea agreement. The court also noted that resentencing may be required even when the sentencing court was not influenced by the State's recommendation of a harsh sentence in violation of a plea agreement. In *Brody*, the court did not order resentencing, but found instead that any possible prejudice was cured by the prosecution's subsequent performance of its part of the plea agreement by belatedly informing the court of information favorable to Brody.

Neither *Santobello* nor *Wills* requires the withdrawal of a plea or resentencing for every breach by the State of its part of the agreement. The Court's reference in *Santobello* to a plea resting "in any significant degree" upon a promise or agreement of the State indicates the Court intended the application of a less rigid standard. Because breach of a plea agreement by the State denies the defendant due process, the harmless error standard for constitutional error applies, and the breach can be harmless only if this court can conclude beyond a reasonable doubt that there is little, if any, likelihood that it could have changed the result. See *State v. Rupert*, 247 Kan. 512, 516, 802 P.2d 511 (1990). The State's breach can be harmless only if this court can conclude beyond a reasonable doubt that McDaniel would not have

pleaded guilty but for the State's agreement to recommend alternative placement.

To fulfill its part of the agreement, the State agreed to do little else beyond recommend alternative placement as detailed in the agreement. Clearly, McDaniel's plea rested in a "significant degree" on the State's promise to recommend alternative placement. Under *Wills*, 244 Kan. at 69-70, the State's agreement to recommend alternative placement continued through post-sentence hearings. We cannot conclude the State's failure to comply with this promise at the motion to modify was harmless error.

We apply the same remedy applied in *Wills* in redressing the State's failure to continue to abide by its agreement at the hearing on the motion to modify. We reverse the denial of the motions to modify filed in case No. 92CR1060 and case No. 93CR779 and remand for rehearing before a different judge with directions that the State comply with its agreement to recommend alternative placement.

Denial of the motions to modify in both cases is reversed, and the cases are remanded for further proceedings.