(30 P.3d 320)
No. 84,983

STATE OF KANSAS, *Appellee*, v. ALAN TORKELSON, *Appellant*.

Opinion filed August 24, 2001.

*Brent Getty*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Jacob P. Fitzgerald*, assistant county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., JOHNSON, J., and BRAZIL, S.J.

ELLIOTT, J.: Alan Torkelson appeals the denial of his motion to withdraw a plea and also appeals his sentence.

We affirm the convictions, but vacate part of his sentence, and remand for resentencing.

While charged in case No. 99 CR 224 with numerous felony and misdemeanor counts, defendant incurred new felony and misdemeanor charges in case No. 99 CR 344, not related to the charges in the earlier case.

Pursuant to a plea bargain, defendant pled guilty in 99 CR 344 to attempted aggravated sexual battery and pled no contest in 99 CR 224 to criminal threat. The State agreed to dismiss numerous other counts in the two cases; the parties agreed not to seek a

departure sentence and that the two sentences would run consecutively.

Prior to sentencing, defendant moved to withdraw both pleas; the motion was denied. Based on a severity level 7 crime and a criminal history of C, the trial court sentenced defendant in 99 CR 344 to 27 months in prison, even though box 7-C of the sentencing guidelines is a presumptive probation box. The trial court did this because the crime was committed while defendant was on felony bond. See K.S.A. 2000 Supp. 21-4603d(a) and K.S.A. 21-4608.

In 99 CR 224, based on a severity level 9 crime and a criminal history of C, the trial court sentenced defendant to 12 months in prison even though the presumptive sentence was probation, because the sentence in 99 CR 344 was imprisonment. As had been agreed by the parties, the sentences were to run consecutively.

Defendant contends the trial court erred in denying his motion to withdraw his plea in 99 CR 344 (attempted aggravated sexual battery). We review for abuse of discretion. *State v. Taylor*, 266 Kan. 967, 974, 975 P.2d 1196 (1999).

Defendant argues his plea was not freely, fairly, and understandingly entered because a conspiracy between his wife and the victim led him to believe the victim was overcome by force or fear when, in fact, she was not. See K.S.A. 21-3518(a)(1) (defining aggravated sexual battery). Defendant argues had he known the victim was not overcome by force or fear, he would not have pled guilty.

After an evidentiary hearing, the trial court found no evidence the charged incident did not take place. The victim testified she was scared when the charged incident took place and denied she conspired with defendant's wife to set up Torkelson. The trial court did not abuse its discretion in denying the motion to withdraw the plea.

Defendant next argues the trial court erred in sentencing him to prison in 99 CR 224 when the presumptive sentence was for a nonprison term. This question involves interpreting the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.*; our review is unlimited. *State v. Bolin*, 266 Kan. 18, 24, 968 P.2d 1104 (1998).

A sentencing judge must impose the presumptive sentence listed in the KSGA unless substantial and compelling reasons for departure exist. K.S.A. 2000 Supp. 21-4716(a). Here, pursuant to a plea agreement, no departure was sought and none was granted.

The State argues there are two statutory provisions which allow a sentencing court to impose imprisonment in a presumptive probation case even absent a departure. We find neither of the statutes relied on by the State to be applicable to the present case.

K.S.A. 2000 Supp. 21-4603d(a) provides that when a new felony is committed while defendant is on felony bond in another case, the court may sentence defendant to prison in the new case, even when the new crime otherwise presumes a nonprison term. This provision does not apply here, however, because the sentence for the new crime in 99 CR 344 is not at issue. The sentence at issue in the present case is for the *prior* crime in 99 CR 224, to which K.S.A. 2000 Supp. 21-4603d(a) does not speak.

The State also argues that K.S.A. 2000 Supp. 21-4720(b)(2) requires all sentences to be ordered served in prison if the sentence for *any* of the crimes is presumptive imprisonment. But that statute cannot apply here because it only applies to multiple convictions arising out of a single charging document. See *Bolin*, 266 Kan. at 19.

This leads us back to K.S.A. 2000 Supp. 21-4603d(a), which states in part:

"(a) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

(1) Commit the defendant to the custody of the secretary of corrections if the current crime of conviction is a felony and the sentence presumes imprisonment . . . .

. . . .

(3) release the defendant on probation if the current crime of conviction and criminal history fall within a presumptive nonprison category . . . .

. . . .

(10) impose any appropriate combination of (1) . . . (3) . . . ."

*State v. Dubish*, 236 Kan. 848, 696 P.2d 969 (1985), does not apply. The inconsistent sentences in *Dubish* arose from a single case, not multiple cases as here. *Dubish* is best characterized as

holding a sentence of probation on one conviction and imprisonment on other convictions arising out of the same incident is not a disposition authorized by K.S.A. 21-4603 (Ensley 1981) (pre-KSGA case). See *Dubish*, 236 Kan. at 855.

*State v. McDaniel*, 20 Kan. App. 2d 883, 893 P.2d 290 (1995), is closer to the facts of the present case, where we held:

"The court could have imposed consecutive sentences for the two crimes but granted probation for both, so that McDaniel would be required to serve consecutive sentences if she violated probation. K.S.A. 1994 Supp. 21-4608(d) requires only that the sentences be consecutive; it does not forbid probation. Probation is granted *after* imposition of sentence. [Citations omitted.] Probation is not inherently inconsistent with consecutive sentences." 20 Kan. App. 2d at 885.

Further, K.S.A. 2000 Supp. 21-4603d(a) does not apply because it only requires an "appropriate" combination of available sentences within a single case; it does not require an "appropriate" combination of sentences in two different, unrelated cases.

Here, there simply is no statutory provision granting the trial court authority to impose a prison sentence in 99 CR 224. We recognize that what the trial court did seems logically correct, but we can find no statutory authority for doing what the trial court did.

The convictions are affirmed; the sentence in 99 CR 224 is vacated and remanded with directions to enter a sentence of probation.