NOT DESIGNATED FOR PUBLICATION

No. 127,796

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JERMEL LARAY GOINES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRISTOPHER MAGANA, judge. Submitted without oral argument. Opinion filed November 14, 2025. Affirmed.

*Kasper Schirer*, of Kansas Appellate Defender Office, for appellant.

*Kristi D. Allen*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before HILL, P.J., PICKERING and BOLTON FLEMING, JJ.


BOLTON FLEMING, J.: In September 2019, Jermel Laray Goines pled guilty to one count of aggravated domestic battery and one count of criminal threat in case number 19-CR-1940. In November 2019, the district court ordered a 36-month prison sentence, which was suspended in favor of 24 months of probation. During the sentencing hearing, Goines also stipulated that he had violated his probation in a prior case, 17-CR-2702, and as a result, the court placed Goines back on probation in that case for a new term of 12 months. The two cases were also ordered to run consecutively.

1

In 2020, Goines stipulated that he violated the terms of his probation in both cases. The district court revoked his probation in 17-CR-2702 and imposed Goines' 38-month prison sentence. In 19-CR-1940, the district court imposed a two-day jail sanction and reinstated Goines' probation for a new term of 24 months, which was to commence upon completion of his sentence in 17-CR-2702.

Goines completed his prison sentence from 17-CR-2702 in April 2022 and began his probation in the 19-CR-1940 case. In 2024, the district court revoked his probation in 19-CR-1940, reduced Goines' sentence to 24 months, and ordered that he serve his sentence in prison.

On appeal, Goines argues that the district court erred in 2020 by delaying the start date of Goines' probation period in 19-CR-1940 until after he completed his prison sentence in 17-CR-2702. Goines argues that his modified sentence was illegal, and as a result, Goines' probation term continued to run while he was in prison serving his sentence in 17-CR-2702. Goines then reasons that the district court was without jurisdiction in 2024 to revoke Goines' probation and impose his prison sentence in 19-CR-1940.

Goines fails to show that his sentence was illegal. Because the sentences in 17-CR-2702 and 19-CR-1940 were ordered to run consecutively, the district court did not err in ordering probation in 19-CR-1940 to begin after Goines served his sentence in 17-CR-2702. K.S.A. 2019 Supp. 22-3716(c)(1)(B) grants the district court authority to continue or modify the release conditions of probation once a violation of probation is established. Goines fails to show that K.S.A. 2019 Supp. 22-3716(c)(1)(B) prohibits district courts from modifying probation conditions, including delaying the execution of a probation term until any pending prison sentence in a separate case is completed. The sentence in 19-CR-1940 was not ambiguous, as the time and manner in which Goines' probation would be served was clear. Lastly, nothing in the record suggests that the district court

lacked jurisdiction when it imposed the modified probation in 19-CR-1940. As a result, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2019, Goines pled guilty to one count of aggravated domestic battery and one count of criminal threat in case number 19-CR-1940.

In November 2019, the district court sentenced Goines to 36 months in prison but suspended his sentence and placed Goines on 24 months of probation. During the same hearing, Goines stipulated to violating his probation in a prior case, 17-CR-2702. The district court found Goines in violation of his probation terms in 17-CR-2702 and imposed a three-day jail sanction. The district court reinstated Goines' probation and extended it for twelve months. The district court also ordered that the sentence in 19-CR-1940 run consecutively to the sentence in 17-CR-2702. At the conclusion of the November 2019 hearing, Goines was on probation in both cases.

Two months later, a warrant was issued for Goines' arrest, alleging multiple violations of his probation terms in both cases. During the probation violation hearing held on February 27, 2020, Goines stipulated to the allegations set forth in the warrant. The district court found Goines had violated the terms of his probation in both cases. As to disposition, in 17-CR-2702 the court imposed the underlying prison sentence of 38 months. In 19-CR-1940, the district court imposed a two-day jail sanction and reinstated Goines' probation for an additional 24 months. Goines' new term of probation was ordered to commence upon completion of his sentence in 17-CR-2702. Goines was released from his prison sentence in 17-CR-2702 in April 2022 and immediately began his new probation term in 19-CR-1940.

3

On January 17, 2024, a warrant was issued for Goines' arrest alleging he violated the terms of his probation in 19-CR-1940. The warrant alleged Goines committed a new offense of unlawful possession of narcotics and failed to report to his intensive supervising officer (ISO). About a month later, another warrant was issued, alleging Goines failed to report to his ISO, failed to attend an anger management program, and failed to complete his 20 hours of community service work.

A probation revocation hearing was held on May 23, 2024. Goines stipulated to some but not all of the allegations in the two warrants. The State withdrew the remaining allegations. Based on Goines' stipulations, the district court found Goines in violation of his probation in 19-CR-1940.

Both Goines and the State recommended that the court allow Goines to continue his probation. But the district court discussed Goines' extensive history with criminal convictions and his repeated violations of probation. Finding that Goines was no longer amenable to probation, the district court revoked his probation and ordered Goines to serve his sentence in prison. But the district court modified Goines' sentence, reducing Goines' sentence from an original 36-month sentence to 24 months in prison.

Goines timely appeals.

ANALYSIS

The crux of Goines' argument on appeal is that the district court illegally ordered his probation in 19-CR-1940 to be stayed and to commence upon completion of his prison term in 17-CR-2702. As a result, since the district court could not stay his probation, Goines claims his probation continued during his prison term and was completed, so the district court was without jurisdiction to revoke his probation and impose his prison sentence in 2024. Goines also argues that the delay in his probation

4

created an ambiguous sentence. In sum, Goines claims the district court's order to stay his probation resulted in an illegal sentence.

*Preservation*

Our preservation rules typically prohibit a party from raising an issue for the first time on appeal, yet "certain issues, such as subject matter jurisdiction, or an illegal sentence, can be raised at any time regardless of whether the issue was presented to the district court." *State v. Johnson*, 309 Kan. 992, 995, 441 P.3d 1036 (2019). Here, Goines presents an argument combining both an illegal sentence challenge and a jurisdictional challenge—essentially stating that the district court did not have jurisdiction to revoke his probation in 2024 due to an illegal sentence back in 2020.

Subject matter jurisdiction may be raised at any time, whether for the first time on appeal or even on the appellate court's own motion. *State v. Clark*, 313 Kan. 556, 560, 486 P.3d 591 (2021). An illegal sentence may also be corrected for the first time on appeal. *State v. Gomez*, 320 Kan. 3, 22, 561 P.3d 908 (2025).

Thus, Goines' arguments are properly before this court.

*Standard of Review*

Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). Likewise, whether jurisdiction exists is a question of law, subject to unlimited appellate review. *State v. Hillard*, 315 Kan. 732, 775, 511 P.3d 883 (2022).

A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-3504(a). But once a defendant completes the original sentence,

even if that sentence was illegal, courts lack jurisdiction to correct the illegal sentence. *State v. Lehman*, 308 Kan. 1089, Syl. ¶ 5, 427 P.3d 840 (2018).

Additionally, statutory interpretation is a question of law over which this court exercises unlimited review. *Daniels*, 319 Kan. at 342.

*Discussion*

*Goines' sentence was not illegal.*

An illegal sentence is a sentence:  (1) imposed by a court without jurisdiction; (2) that does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) that is ambiguous as to the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022). Goines claims his sentence was illegal on all three bases.

Goines first asserts that his sentence does not conform to the statute. He argues no statute allows a district court to stay probation, and the court could only order continuation or modification of probation conditions upon finding of a probation violation. Goines claims that the district court's broad authority to address probation violations under K.S.A. 2019 Supp. 22-3716(c)(1)(B) does not include the authority to stay probation.

Our analysis begins with examining authorized sentencing and probation violation dispositions in Kansas.

Authorized sentencing dispositions are found in K.S.A. 21-6604(a), in pertinent part:

6

"(a) Whenever any person has been found guilty of a crime, the court may adjudge any of the following:

(1) Commit the defendant to the custody of the secretary of corrections if the current crime of conviction is a felony and the sentence presumes imprisonment, or the sentence imposed is a dispositional departure to imprisonment; or, if confinement is for a misdemeanor, to jail for the term provided by law;

(2) impose the fine applicable to the offense and may impose the provisions of subsection (q);

(3) release the defendant on probation if the current crime of conviction and criminal history fall within a presumptive nonprison category or through a departure for substantial and compelling reasons subject to such conditions as the court may deem appropriate. In felony cases, the court may include confinement in a county jail not to exceed 60 days, which need not be served consecutively, as a condition of an original probation sentence."

At the times of Goines' sentencing in November 2019, the district court invoked K.S.A. 2019 Supp. 21-6604(a)(3) to order Goines' underlying sentence in 19-CR-1940. The district court then suspended that sentence, and placed Goines on probation for a term of 24 months. There is no doubt that these actions were proper under K.S.A. 2019 Supp. 21-6604(a)(3).

Then, in 2020, after Goines stipulated that he violated his probation in both cases, the district court ordered Goines to serve his prison sentence in 17-CR-2702. In 19-CR-1940, the district court found Goines had violated his probation, ordered a 48-hour sanction, and placed him on a new 24-month term of probation, to begin after his release from prison in 17-CR-2702. We look now to see whether the district court's actions were statutorily authorized.

K.S.A. 2019 Supp. 22-3716(c)(1) contains authorized probation violation dispositions:

"(c)(1) Except as otherwise provided, if the original crime of conviction was a felony, other than a felony specified in K.S.A. 2019 Supp. 21-6804(i), and amendments thereto, and a violation is established, the court may impose the following sanctions:

(A) Continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction;

(B) continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and an intermediate sanction of confinement in a county jail to be imposed as a two-day or three-day consecutive period. The total of all such sanctions imposed pursuant to this subparagraph and subsection (b)(4) shall not exceed 18 total days during the term of supervision, except as provided in subsection (h); or

(C) if the violator already had a sanction imposed pursuant to subsection (c)(1)(B) related to the crime for which the original supervision was imposed, revocation of the probation, assignment to a community corrections services program, suspension of sentence or nonprison sanction and requiring such violator to serve the sentence imposed, or any lesser sentence and, if imposition of sentence was suspended, imposition of any sentence that might originally have been imposed."

K.S.A. 2019 Supp. 22-3716(c)(1)(B) grants the district court authority to continue or modify the release conditions of probation once violation of probation is established. The district court followed K.S.A. 2019 Supp. 22-3716(c)(1)(B) to order a two-day sanction, and to place Goines back on a new 24-month term of probation. These actions were statutorily authorized.

But Goines maintains that "staying" the start of the probation term until after completing a sentence in a separate case is not specifically included under the definition of continuation or modification. But his reading of the statute is narrow and unsupported. Failure to support a point with pertinent authority is akin to failing to brief the issue. *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). Goines fails to elaborate why "staying" the probation term is contrary to the court's statutory authority to modify the release conditions of probation.

Goines' interpretation also ignores the fact that his two cases were ordered to run consecutively. K.S.A. 21-6606(a) provides that when "separate sentences of imprisonment for different crimes are imposed on a defendant on the same date, including sentences for crimes for which suspended sentences, probation or assignment to a community correctional services program have been revoked, such sentences shall run concurrently or consecutively as the court directs." Further, K.S.A. 21-6606(c) dictates that a sentence for a new crime committed while on probation will be ordered to run consecutive to the term or terms of the original probation. In that context, the district court here revoked Goines' probation in 17-CR-2702 and ordered him to the underlying prison term, followed by a modified probation term in 19-CR-1940 to run consecutively. Thus, the district court's order "staying" the start of Goines' probation term until the completion of his prison term did not violate Kansas statutes.

Moreover, when a defendant violates probation in two consecutively ordered cases, the district court has several dispositional options under K.S.A. 2109 Supp. 22-3716(c)(1). First, a court can choose to reinstate probation in both cases. Second, a court can send a defendant to prison in both cases, if appropriate. And third, a court can choose what the district court did here—send a defendant to serve their prison sentence in one case, while allowing them an additional opportunity at probation in the other. It is unreasonable to require a defendant to successfully complete probation in one case while serving a prison sentence in another. See *State v. Romero*, No. 125,281, 2024 WL 504066, at *6 (Kan. App. 2024) (unpublished opinion). Thus, a reasonable interpretation of K.S.A. 2019 Supp. 22-3716(c)(1) authorizes a term of probation to begin after release from prison in a separate case. "Generally, statutes are construed to avoid unreasonable results." *State v. Allison*, 259 Kan. 25, 34, 910 P.2d 817 (1996).

Thus, without contrary authority, it is illogical to interpret K.S.A. 2019 Supp. 22-3716(c)(1)(B) to prohibit district courts from modifying probation conditions and holding

9

the execution of a probation term until any pending prison sentence is completed in a separate, consecutive case.

It is true that the district court ordered a 48-hour jail sanction in 19-CR-1940 prior to Goines serving his sentence in 17-CR-2702. At the 2020 hearing, the district court first stated, "I'm going to order a 48-hour quick dip jail sanction that begins today. And I'm going to order the defendant be reinstated after he completes his sentence in 17 CR 2702." Later in the hearing, the court stated, "With regard to 19 CR 1940, as I've stated, you are reinstated after you have completed your DOC sentence in 17 CR 2702 case. I'm ordering that you report to Community Corrections within 24 hours of your release from the DOC custody in that case." It appears that the district court was allowing Goines to serve his 48-hour sanction in 19-CR-1940 while he was in jail awaiting transport to the Department of Corrections to serve his sentence in 17-CR-2702. Then, upon release from serving that sentence, Goines could immediately report to Community Corrections to start his term of probation—without having to report to jail to do a 48-hour sanction. Goines presents no authority that the timing of the sanction negates the court's authority to delay the probation term until after the completion of the sentence in 17-CR-2702. Thus, we find the district court's timing of the sanction does not create error.

Additionally, our court has held that a district court may impose probation for one conviction to run consecutive to a prison sentence from another conviction. See *State v. Torkelson*, 29 Kan. App. 2d 672, 675, 30 P.3d 320 (2001); *State v. Smith*, No. 92,455, 2005 WL 1500878, at *2 (Kan. App. 2005) (unpublished opinion). In both *Torkelson* and *Smith*, our court was presented with a similar fact pattern where the defendants were both convicted in two separate cases facing presumptive probation in one case and presumptive prison in another and the district court imposed a prison sentence in both cases. Our court reversed the district court's order in both cases, holding that the district court lacked the statutory authority to impose a prison sentence for a presumptive probation conviction. In both cases, our court held that a probation term could be

10

sentenced consecutively to a prison sentence in another conviction. *Torkelson*, 29 Kan. App. 2d at 675; *Smith*, 2005 WL 1500878, at *2. Over the years, our court has continued to uphold the *Torkelson* ruling that ordering probation consecutive to prison sentences in different cases is not prohibited. See *Romero*, 2024 WL 504066, at *6; *State v. Bowman*, No. 115,150, 2017 WL 1535000, at *3 (Kan. App. 2017) (unpublished opinion); *State v. Smith*, No. 94,454, 2006 WL 3257447, at *3 (Kan. App. 2006) (unpublished opinion).

As Goines asserts in his reply brief on appeal, *Torkelson* and *Smith* present circumstances that are factually distinguishable. Although *Torkelson* and *Smith* may not be on point with the present case factually, they still confirm generally that a district court is permitted to impose a hold on the execution of a probation term in one case until the prison sentence from a separate case is completed. The *Smith* court specifically found that

> "in the context of consecutive sentences, a defendant may serve the presumptive prison sentence, followed by the presumptive probation sentence, without creating any inconsistency or impropriety. Therefore, sentencing a defendant to imprisonment in one case, followed by a consecutive sentence of probation in a second case, is not an inappropriate combination under K.S.A. 2004 Supp. 21-4603d(1), (3) and (11)." 2005 WL 1500878, at *2.

Although *Smith* analyzed this principle under a 2004 statute setting forth authorized dispositions for crimes committed on or after July 1, 1993, the analysis is the same under K.S.A. 21-6604(a).

Goines also provides in his notice of additional authority under Supreme Court Rule 6.09(a)(1) (2025 Kan. S. Ct. R. at 40) that our court's recent holding in *State v. Oathout*, 65 Kan. App. 2d 851, 573 P.3d 751 (2025), stands in support of his proposition that a district court may not stay probation. In *Oathout*, a panel of this court considered whether a district court had the authority to impose consecutive probation terms. 65 Kan. App. 2d at 853-60. The *Oathout* panel found that the district court lacked judicial

11

authority when it imposed consecutive terms of probation for convictions in separate cases. 65 Kan. App. 2d at 858. Our court held that district courts are not permitted to extend or craft terms of probation the Legislature has not authorized. 65 Kan. App. 2d at 854. Goines claims our court's reasoning in *Oathout* reinforces his argument that the district court's decision to stay probation for an indefinite period of time in his case was illegal.

Unlike *Oathout*, the present case is not dealing with consecutive probation terms for two separate felony convictions. Here, Goines was already granted probation for his two prior felony convictions and the district court found him in violation of both probation terms. The district court revoked his probation in the first case, imposed the underlying prison sentence, and then modified his probation term for the second case. The facts are starkly distinct from *Oathout* and *Oathout* provides little guidance in this appeal.

For the reasons discussed above, the district court was statutorily authorized to impose Goines' prison sentence for 17-CR-2702 and to hold the start of his probation in 19-CR-1940 until the completion of his prison sentence. As a result, the district court's order conformed to the statute and was not illegal.

*Goines' sentence was not ambiguous.*

Goines next argues that the stay of his probation created an illegal ambiguity in his sentence. He asserts that a probation stay creates a legal limbo where an already suspended prison sentence is again suspended, a status not recognized by Kansas law. Consequently, he claims this ambiguity caused him to neither serve his sentence nor his probation in 19-CR-1940. According to Goines, the precise time his probation would restart, or when it would end, was unknown until the day he was released from prison.

12

Kansas courts have denied relief where "no reasonable interpretation of the trial court's order supports a finding of ambiguity." *State v. Sims*, 294 Kan. 821, 826, 280 P.3d 780 (2012). Here, the precise time Goines' probation was to commence was always going to be the day he was released from KDOC custody. While there could be an increase or decrease to the release date depending on his behavior while incarcerated, the fact remains that he would be released from prison about 38 months later. Given that the district court specified the probation would start when he is released from KDOC, and that Goines must report to his ISO within 24 hours of release, no reasonable interpretation of the trial court's order supports a finding of ambiguity. See 294 Kan. at 826.

Thus, the district court properly pronounced the commencement date of the prison sentence for 17-CR-2702. The district court also clearly stated that Goines' probation was extended for 24 months which was to start from the date of his release from prison. Goines' sentence was not ambiguous.

*The district court did not lack jurisdiction.*

Lastly, Goines argues that the district court lacked jurisdiction to revoke his probation and impose his prison sentence in 19-CR-1940 because the district court could not have stayed the probation term. Goines concedes that the two-day intermediate sanction and the extension of his probation was authorized by statute, but asserts the stay was not. He claims his probation terminated in February 2022, two years into serving his prison sentence for 17-CR-2702. Since his probation was terminated well before the district court was alleged to revoke his probation in January 2024, he contends that the district court was deprived of jurisdiction over his probation.

Unless statutory exceptions such as K.S.A. 2019 Supp. 22-3716(d) (fugitive from justice) or K.S.A. 21-6608(c)(7) (nonsupport of a child) apply, Goines is correct to state

that Kansas law divests jurisdiction from the district court if no action to revoke probation is commenced within 30 days after the probation term expires. See *State v. Hoffman*, 45 Kan. App. 2d 272, 281, 246 P.3d 992 (Kan. App. 2011); *State v. Cisneros*, 36 Kan. App. 2d 901, Syl. ¶ 1, 147 P.3d 880 (2006).

But Goines' reliance on this principle is mistaken, because the district court had jurisdiction over Goines' sentencing in 19-CR-1940 at the time the sentence was pronounced in 2020. The district court had the statutory authority to order Goines' probation in 19-CR-1940 to run after the completion of his prison sentence in 17-CR-2702. Since the district court's order was not illegal, his probation did not run during his prison sentence and was not expired as he claims. Thus, the district court was not deprived of jurisdiction over Goines' probation and had the authority to revoke his probation and impose the underlying sentence.

*Conclusion*

In sum, the district court's order modifying the start date of Goines' probation in 19-CR-1940 until the completion of his prison sentence in 17-CR-2702 was authorized by statute, was not ambiguous, and within the court's jurisdiction. Thus, Goines fails to show that the modification of his probation in 19-CR-1940 was an illegal sentence. As a result, we find that his sentence was not illegal and affirm the district court's revocation of Goines' probation and its order imposing the underlying prison sentence.

Affirmed.

\* \* \*

PICKERING, J., dissenting:  I respectfully dissent because the district court had no statutory authority at the February 2020 hearing to revoke Goines' probation, impose an intermediate sanction, and *not* reinstate the probation term at that time. Oddly, the district

14

court ruled that Goines' probation would not be reinstated *until* Goines had completed a prison sentence in another criminal case. This ruling is contrary to K.S.A. 2019 Supp. 22-3716(c)(1)(B) and K.S.A. 21-6608(c)(8). I would therefore find that the district court lacked jurisdiction when—51 months later—the court revoked Goines' probation for technical violations and imposed a 36-month prison sentence. Goines should immediately be released from custody.

It is best to begin with the rules governing a probation violation ruling. Once a probation violation has been established, a district court may sanction the defendant—convicted of a felony other than K.S.A. 2019 Supp. 21-6804(i)—by "continuation or modification of the release conditions of the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction and an intermediate sanction of confinement in a county jail to be imposed as a two-day or three-day consecutive period." K.S.A. 2019 Supp. 22-3716(c)(1)(B). Additionally, under K.S.A. 21-6608(c)(8), the specific criminal statute governing probation, "the court may modify or extend the offender's period of supervision . . . . Such extensions may be made for a maximum period of five years or the maximum period of the prison sentence that could be imposed, whichever is longer, inclusive of the original supervision term." A district court may also extend the period of probation in circumstances relating to unpaid restitution and a "finding of necessity" at a modification hearing. See K.S.A. 21-6608(c)(7) (unpaid restitution); K.S.A. 21-6608(c)(8) (finding of necessity).

As explained above, once the district court has revoked and *reinstated* the defendant's probation, "the court may modify or extend the offender's period of supervision." K.S.A. 21-6608(c)(8). Nowhere in K.S.A. 2019 Supp. 22-3716(c)(1)(B) or K.S.A. 21-6608(c)(8) does the Legislature give the district court the authority to stay or suspend a defendant's probation that is presently being served. In other words, there is no statutory authority to stop and *restart* a defendant's probation term pending completion of a prison sentence in another case.

15

Despite this lack of statutory authority, at the February 2020 probation revocation hearing in this case, the district court revoked Goines' probation, imposed an intermediate sanction by ordering Goines to serve two days in jail, extended the probation term by 24 months, and then would not reinstate the probation. Instead, the district court stopped Goines from serving his probation until he completed his prison sentence in 17-CR-2702. After Goines served his sentence in 17-CR-2702, Goines was then placed back on probation a second time. At the May 23, 2024 probation violation hearing, the district court revoked Goines' probation and imposed a 36-month prison sentence, which Goines is now serving.

In addition to the lack of statutory authority, the cases cited by the majority do not support its holding. For instance, while I agree with the majority that *State v. Torkelson*, 29 Kan. App. 2d 672, 30 P.3d 320 (2001), and its progeny stand for the proposition that a term of probation may be *sentenced* consecutive to a prison sentence in another conviction, *Torkelson* has no bearing here. The *Torkelson* panel vacated the district court's imposition of a prison sentence in one of two cases resolved by a plea agreement and remanded for the district court to order probation. 29 Kan. App. 2d at 675. Here, the district court was not *sentencing* Goines but *revoking* his already-begun probation. Thus, I would disagree with the majority opinion's statement that Goines "*began* his probation in the 19-CR-1940 case" in April 2022. (Emphasis added.) Slip op. at 2. According to the record on appeal, he had already started his probation in November 2019 (following the sentencing hearing) and received a two-day intermediate sanction in February 2020.

Instead, I would find *State v. Oathout*, 65 Kan. App. 2d 851, 573 P.3d 751 (2025), referenced in Goines' Rule 6.09 letter, instructive. There, in a joint sentencing hearing, the district court ordered a defendant, convicted of multiple felonies in separate cases, to serve consecutive terms of probation. The *Oathout* panel explained there is a "probation protocol" that provides a district court with "setting initial probation periods with some flexibility to allow district courts to order longer terms at the outset or to extend the terms

16

for identified circumstances largely tied to an individual defendant's situation." 65 Kan. App. 2d at 857. The district court's order of consecutive probation terms for multiple cases, however, was not authorized under K.S.A. 21-6608. "In short," the panel noted, "K.S.A. 21-6608 does not contain an explicit grant of authority permitting district courts to order consecutive probations." 65 Kan. App. 2d at 857. The panel explained that "a district court lacks the inherent prerogative . . . to *craft terms of probation* the Legislature has not authorized." (Emphasis added.) 65 Kan. App. at 854. Thus, the district court had no authority to order Oathout to serve consecutive terms of probation for convictions of multiple felonies in two or more separate cases.

Likewise, here K.S.A. 21-6608 does not contain an *explicit* grant of authority to order Goines' reinstated probation not to begin until after Goines completed his prison sentence in 17-CR-2702. In other words, there is no explicit statutory authority to impose intermediate sanctions and then *stop Goines' probation term altogether* until he had served a prison term.

The district court did not comply with the applicable statutory provisions when it revoked Goines' probation, reinstated probation, ordered him to serve an intermediate sanction, and ordered that the remaining terms of Goines' probation commence upon completion of his prison sentence in 17-CR-2702. See *State v. Dubish*, 236 Kan. 848, 855, 696 P.2d 969 (1985) (court "has no jurisdiction to manipulate the eligibility date for [a defendant's] release" from custody of Secretary of Corrections). There is no statutory mechanism for the district court to pause or to restart probation.

Due to the district court's erroneous ruling at Goines' February 2020 probation violation hearing, I would find that Goines' probation ended well before the State moved to revoke his probation in 2024. Consequently, the district court lacked jurisdiction in 2024 to revoke Goines' probation and impose the prison sentence. I would reverse the

17

district court's order imposing the prison sentence and order Goines' *immediate* release from the Department of Corrections.